## Case No. 11,476.

### In re PURVIS.

[1 N. B. R. 163;[1] Bankr. Reg. Supp. 35; 6 Int. Rev. Rec. 173; 1 Am. Law T. Rep. Bankr. 19.]

District Court, D. Maryland. 1867.

BANKRUPTCY—WHO MAY VOTE FOR ASSIGNEE.

1. An agent of a creditor proved the claim of his principal in bankruptcy, and sought to vote for assignee. *Held*, that he could not do so without a power of attorney.

2. An attorney at law cannot vote for his client without being duly constituted his attorney in fact.

3. A joint creditor who had proved the joint claim in bankruptcy sought to vote for assignee. *Held*, that if the joint creditors were partners, he could vote the full amount of the debt, but if he was joint trustee or joint creditor and no partner, neither could act or vote without consent and authority of the other.

[Cited in Re Barrett, Case No. 1,043.]

4. A firm creditor of the bankrupt can be counted only as one creditor in the vote for assignee.

5. Where creditors of a firm proved claims in bankruptcy against a member who had peti-

---

[1] [Reprinted from 1 N. B. R. 163, by permission.]

tioned individually, *held*, the private creditors only could vote for assignee.

[Cited in Re Webb, Case No. 17,317.]

6. A person to be elected assignee must receive a majority of all who have proved claims, and not simply a majority of votes cast.

In bankruptcy.

GILES, District Judge. In this case the register, at the request of the creditors, has certified the following questions for my decision:

1st. Joshua Jessop has acted as the agent of Elizabeth Jessop, and in that capacity has proved her claim in this case against the bankrupt, and he now desires to cast her vote for assignee, but produces no letter of attorney from her. Can this be done? The register thinks not, and I agree with him in opinion. In section 22 of the bankrupt act [of 1867 (14 Stat. 527)], provision is made for proof of a creditor's claim by his attorney or authorized agent, where he, the creditor, is absent from the United States, or prevented by some other good cause from testifying; but by the last clause of the 23d section, the creditor, when absent from a meeting, is only authorized to act by his duly constituted attorney.

2d. Can an attorney at law vote for his client without producing a letter of attorney? This question is answered by my answer to the first question. The party who is entitled to vote for another, must be his duly appointed attorney in fact.

3d. Thomas Hill, a joint creditor with William B. Hill, wishes to vote. Can he do so without the co-operation of the other joint creditor, and for what amount? The register says a joint creditor should be allowed to vote for his proportionate share of the joint debt. I am of a different opinion. If the joint creditors are partners, either party can vote the full amount of the debt; but if they are joint trustees or joint creditors, neither can act or vote without the authority and consent of the other.

4th. William Corse, a member of the firm of William Corse & Son, wishes to cast the vote of his firm. He was allowed to do so, but the following question arose: Should the firm be counted as one creditor, or should each member of the firm be counted as a creditor? The register thinks that each member of the firm should be counted as a creditor. I am of a different opinion. The firm can only be counted as one creditor.

5th. James J. Purvis alone has applied for the benefit of the act. He owes debts individually, and as a member of the firm of Purvis & Co. Purvis' private creditors have proved their claims, amounting to $21,745.62, and partnership creditors have proved their claims, to the amount of $64,726.58. Can the partnership creditors participate in this election of an assignee, or will the private creditors alone control the election? The register thinks the private creditors only should

be allowed to vote, and I agree with him. The 36th section of the bankrupt act is the only part of the law which provides for the proof of claims and the choice of assignees by the creditors of a firm; and that section provides for the exercise of such a power in the case alone where two or more partners shall be adjudged bankrupts, either on their own petition or on the petition of any creditor of the partners.

6th. Must a person to be elected assignee receive only a majority of the votes actually cast, or a majority of all who have proved their claims? The register thinks that a majority of all the claims that are proved is requisite, and I agree with him in this opinion. The 13th section of the bankrupt act provides that the choice of assignee shall be made by the greater part in number and in value of the creditors who have proved their debts. If no one receives the vote of this majority, no choice is made by the creditors, and in such case the judge, or if there be no opposing interest, the register, shall appoint the assignee or assignees.

The clerk will certify these answers to the register, Orlando F. Bump, Esq.