## Case No. 7,891.

In re KNOEPFEL.

[1 Ben. 330: [1] Bankr. Reg. Supp. 5; 1 N. B. R. 23; 6 Int. Rev. Rec. 53; 14 Pittsb. Leg. J. 547.]

District Court, S. D. New York. Aug. 7, 1867.

BANKRUPTCY—APPEARANCE OF CREDITORS—POWER OF ATTORNEY—EVIDENCE.

Where an attorney claimed to act for a firm at the first meeting of the creditors of a bankrupt, under a letter of attorney executed for the firm, all the members of which were in Europe, by one K. as attorney for the firm, but K.'s attorneyship was not proved by the oath of any witness, nor was any power of attorney to him produced, but he had verified the proof of debt, swearing that he was duly authorized to make the affidavit: *Held*, that the authority of K. to give the letter of attorney was not sufficiently established to entitle the attorney to appear for the firm under the twenty-third section of the bankruptcy act [of 1867 (14 Stat. 528)].

[In the matter of William H. Knoepfel, a bankrupt.]

BLATCHFORD, District Judge. In this case, at the first meeting of creditors, Mr. G. A. Seixas claimed to act as the "duly constituted attorney" of Loeschigk, Wesendonck & Co., (a copartnership creditor of the bankrupt, which had proved its debt), in the choice of an assignee. Mr. Seixas presented a letter of attorney, drawn according to form No. 14 of the forms specified in the schedules annexed to the "general orders in bankruptcy," executed and acknowledged before a register by Gustavus Kutter, as attorney for the copartnership; but the attorneyship of Kutter was not proved by the oath of any person, nor was any power of attorney from the copartnership to Kutter produced. The debt of the copartnership was proved by Kutter. His deposition, in proof of the debt, according to form No. 25, contained the following averment: "That he, this deponent, is duly authorized by his principals to make this affidavit, and that it is within his knowledge that the aforesaid debt was incurred as and for the consideration above stated," &c., &c. The individual members of the copartnership all of them reside in Europe. The letter of attorney to Seixas was subscribed "Loeschigk, Wesendonck & Co., by G. Kutter," and

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

was sealed, and was certified by a register, to the effect, that before him had appeared Gustavus Kutter, to him known, and known to him "to be the authorized agent of the firm of Loeschigk, Wesendonck & Co., the individuals described in and who executed the foregoing letter of attorney, and acknowledged that he executed the same, as the authorized agent of the said firm, and by their authority, and on behalf of said firm." Mr. Seixas claimed, before the register, that the proof of debt made by Kutter on behalf of the firm should be taken into consideration, in connection with the certificate of acknowledgment on the letter of attorney, for the purpose of showing Kutter's authority to duly constitute Seixas the attorney of the firm, to appear and act for it in all respects, including the voting in the choice of an assignee.

The register decided, that the letter of attorney did not give to Seixas the authority which he claimed, because there was no evidence that Kutter held any power from the firm under which he could effectually give the letter; that, by his oath on proving the claim, he had sworn that he was duly authorized to make that affidavit, not to execute letters of attorney, and that the mere acknowledgment of Kutter that he executed the letter of attorney as the authorized agent of the firm, and the register's certificate of his personal knowledge of the identity of Kutter, did not supply the place of proof, by legal evidence, that Kutter was authorized to constitute Seixas the attorney of the firm, to act for it at the meeting, so as to make Seixas the "duly constituted attorney" of the firm, under the twenty-third section of the bankruptcy act, which provides, that "any creditor may act at all meetings by his duly constituted attorney, the same as though personally present." Thereupon, the question was, at the request of Mr. Seixas, certified to the judge for his decision.

The decision of the register was correct and the clerk will make a certificate accordingly to the register, Edgar Ketchum, Esq.

[At an adjourned meeting of the creditors, Seixas produced another power of attorney from one Loeffler, claiming to act as attorney for other creditors of the bankrupt. Objection was taken to Seixas' right to appear, but the objection was overruled by the court upon certificate. Case No. 7,892.]