## Case No. 7,892.

### In re KNOEPFEL.

[1 Ben. 398;[1] Bankr. Reg. Supp. 16; 1 N. B. R. 70.]

District Court, S. D. New York. Sept. 13. 1867.

BANKRUPTCY—APPEARANCE OF CREDITORS—POWER OF ATTORNEY—PROOF OF DEBT—STATUTE OF LIMITATIONS.

1. A power of attorney, given to one Loeffler, before the passage of the bankruptcy act [of

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

1867 (14 Stat. 517)], authorized the attorney in fact. "to ask, demand. collect, and receive," all debts due to the firm which gave the power, "and, for that purpose, to sign our name to any agreement of compromise or settlement, or any other paper writing proper or necessary for the purpose aforesaid," with a full power of substitution. Under this power, the attorney in fact executed a letter of attorney authorizing an attorney-at-law to appear at the first meeting of the creditors of a bankrupt and vote in behalf of his principals. who were creditors, in the choice of an assignee. The bankrupt objected to the appearance and the question was certified to the court: Held, that the mere fact that the power of attorney was given before the passage of the act was not enough to show that it did not confer the necessary power upon Loeffler to appoint an attorney to act for his principals. Whether it conferred that power depended upon its language.

2. The signing of the names of the principals to a paper drawn according to form No. 15, choosing an assignee of. the estate of a debtor to the principals, was the signing of a paper which was proper for the purpose of collecting the debt due to the principals, and this power of attorney gave to Loeffler, or his duly appointed substitute. authority to act for them in the matter in question.

3. At the first meeting of creditors, proofs were offered of the claims of two creditors, for both of which the debtor had given notes, on one of which a judgment had been obtained. The bankrupt demanded that the notes be produced, to which the creditors objected. The bankrupt also objected to the proof of one of the debts, on the ground that it appeared to have been barred by the statute of limitations of the state of New York, where the debt was incurred. Held, that where a debt sought to be proved is evidenced by a note, the note must be produced and exhibited when required by the register. the assignee, or the bankrupt, on proper occasions. Not so, if a judgment has been recovered on it, for then the note is merged in the judgment, as a debt of a higher character.

[Cited in Re Jaycox, Case No. 7,240.]

4. A proof of debt is not open to objection because it appears that the statute of limitations. if set up, would be a good defence to the claim. The statute of limitations. if relied on as a defence, must be set up affirmatively by a debtor.

In this case, at an adjourned meeting of the creditors, held August 7th, 1867, Mr. G. A. Seixas, of counsel for Gourd, Freres & Co., creditors, produced a letter of attorney in due form, authorizing him to appear at the meeting and vote on their behalf, in the choice of assignee. This letter was executed by August Loeffler, as attorney in fact, for Gourd, Freres & Co., under a power of attorney executed by them to Loeffler, dated May 17th. 1864. This power constituted Loeffler attorney, "to ask, demand, collect and receive all debts due our said firm, and any or all such debts to compromise and settle, release and discharge, and, for that purpose, to sign our name to any agreement of compromise or settlement, or any other paper writing proper or necessary for the purpose aforesaid," with full power of substitution. The bankrupt [William H. Knoepfel] objected, on the following grounds, to Mr. Seixas' right to appear and vote for Gourd, Freres & Co., under such letter of attorney, namely: (1) Because the power of attorney to Loeffler bore date before the bankruptcy act was passed, and, therefore, it could not have been

intended that Loeffler should represent the firm in matters under the act; (2) because the language of the power could not be construed to include such an authority. The bankrupt asked that this question be certified to the judge for his decision.

[Objections, upon a somewhat similar state of facts, had been before taken and sustained to the appearance of Mr. Seixas for other creditors. Case No. 7,891.]

At the meeting, proofs were offered of the claims of two creditors, Gourd, Freres & Co., and Spies, Christ & Jay. The proofs showed that promissory notes had been given by the debtor to the creditors for the debts, and that the last named firm had recovered a judgment against the debtor on the note given to them. The bankrupt, at the meeting, demanded the production of the notes. The creditors refused to produce them, insisting that such production was unnecessary. The register thought otherwise, and the creditors asked that the question be certified to the judge for his decision. As to the proof of the debt due to Gourd, Freres & Co., the bankrupt objected to it, that, while no judgment appeared to have been recovered on it, it was, upon its face, barred by the statute of limitations of the state of New York, all the notes embraced in it having been due before October, 1854, and no payments having been made thereon, and the debt having been incurred in the state of New York. But the creditors insisted that the statute must be pleaded by the debtor, when the creditors' reply might show that the statute did not operate. The bankrupt insisted, that the proof of the claim must anticipate the plea of the statute, and set forth the facts taking the case out of the statute. The register thought otherwise, and the bankrupt asked that the question be certified to the judge.

BLATCHFORD, District Judge. The register does not state, as prescribed in rule 19 of this court, his opinion on the question raised as to the power of attorney to Loeffler, nor does it appear whether an assignee was elected at the meeting, and, if so, whether Mr. Seixas was permitted to vote on behalf of Gourd, Freres & Co., or whether the meeting was adjourned. But still I proceed to decide the question raised. I do not think that the mere fact that the power to Loeffler bears date before the passage of the bankruptcy act, is sufficient to show that such power cannot or does not confer authority on Loeffler to act for the firm, either personally, or by a substituted authority in proceedings under that act. The question whether the power has that scope depends upon its language. Even though it was given before the act was passed, it may be broad enough, in its terms, to cover the right of representing the firm, as creditors, in proceedings under the act.

The power authorizes Loeffler to sign the name of the firm to any paper writing proper or necessary for the purpose of collecting and receiving any debt due to the firm. The signing the name of the firm to a paper drawn according to form No. 15, choosing an assignee of the estate of a debtor to the firm, who has gone into bankruptcy, is the signing of a paper writing which is proper for the purpose of collecting the debt due from such debtor to the firm. I am, therefore, of opinion, that the language of the power to Loeffler is sufficient to authorize him, or his duly appointed substitute, to act for the firm in the matter in question.

I am also of opinion, that, where a debt sought to be proved is evidenced by a promissory note, the note must be produced and exhibited when required by the register, the assignee, or the bankrupt, on proper occasions. Thus, if a proof of debt is handed in to the register at the first meeting of creditors, and it appears that there is a note for the debt, it must be exhibited, if called for. So, also, after the proof of debt is, under section twenty-two, delivered or sent to the assignee, he can require a note, which exists for the debt, to be produced, before paying any dividend on it. Forms Nos. 31 and 33 distinctly show that a bill or note or other security held for a debt is to be exhibited at the time the proof of the debt is handed in, and forms Nos. 27 and 31 show that it is to be again exhibited before a dividend is paid on it. In the present case, therefore, the notes held by the creditors, if their claims rest on the notes, ought to have been produced, when called for by the bankrupt. If, however, the claim of Spies, Christ & Jay rests on a judgment on a note, and their proof of debt is founded on the judgment and not on the note, then it was not necessary to produce the note. The note was merged in the judgment, as a debt of a higher character.

A proof of debt is not open to objection because it appears on its face that the statute of limitations, if set up, would be a good defence to the claim. The proof of claim need not anticipate the defence or give proof of facts to take the case out of the statute. It is a universal rule, that a statute of limitations may be waived, and must, when relied on as a defence, be set up affirmatively by a debtor. In this case, therefore, the objection to the proof of debt made by Gourd, Freres & Co. is not tenable. The clerk will certify this decision to the register, Edgar Ketchum, Esq. The certificate of the register, although it is dated August 7th, 1867, did not reach me until September 10th, 1867.