[S. F. No. 712. In Bank.—March 11, 1897.]

HUGH O'NEILL, Petitioner, v. JOHN REYNOLDS, Judge of the Superior Court of Santa Clara County, Respondent.

Insolvency—Election of Assignee—Statutory Construction.—The true construction of section 19 of the Insolvent Act is that the majority in amount of claims entitled to vote shall prevail in the election of an assignee.

Id.—Erroneous Appointment of Assignee—Failure of Elected Assignee to Qualify—Mandamus.—Where the court has erroneously appointed the sheriff as assignee, upon an improper assumption of failure to elect an assignee, but the elected assignee has not qualified, mandamus is not the proper remedy to set aside the improper appointment, or to command the court to admit the elected assignee to office conditionally upon his qualifying by giving bond and taking the oath.

Application to the Supreme Court for an alternative writ of mandate to the Superior Court of Santa Clara County. John Reynolds, Judge.

The facts are stated in the opinion of the court.

*N. H. Castle,* and *Daniel W. Burchard,* for Petitioner.

A writ of mandate is the proper remedy, as there is no plain, speedy, or adequate remedy at law. (*People* v. *Bell,* 4 Cal. 177; *People* v. *Sexton,* 24 Cal. 78; *Babcock* v. *Goodrich,* 47 Cal. 488; *Peck* v. *Supervisors,* 90 Cal. 384; *Priet* v. *Reis,* 93 Cal. 85.)

Garoutte, J.—One Corkery filed his petition in insolvency. At the time set for the election of an assignee by the creditors, claims in the amount of three thousand nine hundred and forty dollars and thirty-two cents were voted for O'Neill for assignee, and claims in the amount of three thousand seven hundred and five dollars and eighty cents were voted for Fleming for assignee. The total of these two amounts constituted substantially all the claims that were entitled to vote at the election. A further claim in the amount of sixteen thousand dollars was on file at that time, but by virtue of proceedings taken under section 8 of the Insolvency Act, the court held that said claim was not entitled to be voted.

Upon the foregoing facts the court decided that no person received a majority in amount of claims for assignee, and, declaring no election, appointed the sheriff assignee.

This proceeding was thereupon inaugurated in the form of an application for an alternative writ of mandate from this court, asking that, if good cause to the contrary be not shown, the order appointing the sheriff assignee be vacated, and that said O'Neill be admitted to the use and enjoyment of the office of assignee of the estate of Corkery, insolvent, upon his qualifying as such assignee. No showing of any kind has been made by respondent in answer to the writ, and there has been no appearance.

The true construction of section 19 of the Insolvent Act is, that the majority in *amount of claims entitled to vote* shall prevail in the election of an assignee; and if the court in this instance pursued a course based upon

a contrary construction of the statute its action was wrong. But conceding the election of the petitioner, O'Neill, as assignee, and further conceding that the court should have so declared, still we do not see how this petitioner is entitled to the relief here demanded. He desires a mandate requiring the lower court to set aside an order appointing a certain person assignee of an insolvent estate. Surely mandates are not usually issued to set aside orders of courts. If the order is one made in excess of the court's jurisdiction, mandate is not the remedy. If the order is erroneous, then certainly mandate will not lie. Again, this court is also asked by the writ to command the trial court to admit O'Neill to the use and enjoyment of the office of assignee upon his duly qualifying as such assignee. Conceding that under section 1085 of the Code of Civil Procedure mandate would lie to the lower court, requiring it to admit O'Neill to the office of assignee if such court was unlawfully precluding him from that office, still such a case is not this case. It is not apparent that he is precluded by the court from the office. It is apparent that up to the present time he is not entitled to the office, for he has not qualified by giving bond and taking oath. In substance he asks for a conditional mandate; that is, for an order which is to have force and effect, provided he (petitioner) in due time qualifies by giving bond and taking oath. Perchance he is financially unable to give the bond, and possibly might never take his oath of office. Under such circumstances the mandate of the court would be an idle act, and made so by petitioner himself. For these reasons, and others which possibly could be suggested, we conclude that mandate is not the road to be traveled in reaching the relief sought.

The application for the peremptory writ is denied.

HARRISON, J., McFARLAND, J., TEMPLE, J., and HENSHAW, J., concurred.