[S. F. No. 1162. Department One.—March 29, 1899.]

J. H. MENKE, Appellant, v. JAMES H. LYNDON et al., Respondents.

ASSIGNMENT FOR BENEFIT OF CREDITORS—ELECTION OF ASSIGNEE—MAJORITY OF DEMANDS REPRESENTED—CONSTRUCTION OF.CODE.—At a meeting of creditors for the election of an assignee under. an assignment for the benefit of creditors held in pursuance of the provisions of section 3449 of the Civil Code, as amended in 1895, providing that "a majority in amount of demands present or represented by proxy shall control all questions and decisions," no assignee can be elected who does not receive such a majority, and the claims of creditors present and failing to vote must be counted against the person receiving the highest number of votes in determining whether he has received a majority.

ID.—REPRESENTATION OF CREDITOR BY PROXY—POWER OF ATTORNEY—SWORN STATEMENT OF DEMAND.—A power of attorney from a foreign creditor authorizing an agent in this state to protect in every respect the interests of the creditor in all parts of the United States, and to act in his name for that purpose, to collect debts, bring actions, and do everything necessary with reference to claims in dispute, entitles the agent to represent the claim of such creditor by proxy in the election of an assignee for benefit of creditors; and such agent may make a statement under oath as to the amount of the demand represented by him, which the sheriff must accept as correct for the purpose of voting.

ID.—INJUNCTION—AFFIDAVITS—DENIAL OF INDEBTEDNESS FOR WANT OF INFORMATION OR BELIEF.—For purposes of evidence no weight can be allowed to an affiant's denial based on the want of information or belief as to the fact denied.

ID.—PLEADING—REPRESENTATION OF CREDITORS.—The complaint of the creditor seeking such injunction need not allege that the action is prosecuted for the benefit of all the creditors.

APPEAL from an order of the Superior Court of Santa Clara County denying an application for a temporary injunction. A. S. Kittredge, Judge.

The facts are stated in the opinion.

Lowry & Gutsch, and J. B. Kerwin, for Appellant.

Joseph R. Patton, and Hiram D. Tuttle, for James H. Lyndon, Respondent.

William L. Gill, for R. Roemer, Respondent.

BRITT, C.—On January 18, 1897, one Werner H. Menke, being insolvent, made to the defendant Lyndon, who was the sheriff of Santa Clara county, an assignment of property in trust for the benefit of his creditors under the provisions of section 3449 of the Civil Code, as amended in the year 1895. Thereupon the sheriff called a meeting of the creditors, as required by said statute, "for the purpose of electing one or more assignees in the place and stead of the said sheriff." At the meeting thus called the sheriff presided and declared as the result of the vote of the creditors that the defendant Roemer was duly elected assignee. The sheriff was about to deliver to Roemer, as such assignee, the property of the assigning debtor, when plaintiff brought this action to restrain such delivery, and to have the supposed election of Roemer judicially declared void. In his complaint, duly verified, plaintiff alleged that he was a creditor of said debtor at the time of said assignment, and yet is, to the amount of $13,269. He applied for an injunction pending the action; his application was denied by the court, and this is an appeal from the order denying the same.

Said section 3449 of the Civil Code provides that at the meeting of creditors for electing an assignee in the place of the sheriff "a majority in amount of demands present or represented by proxy shall control all questions and decisions"; also that for the purpose of voting at such meeting the sheriff shall accept as correct the statement of the amounts of the demands, respectively, of the creditors as set forth in the debtor's assignment to him, unless a creditor, finding the amount of his claim to be incorrectly stated in the assignment, file "a statement, under oath, of his demand," which statement shall for the purpose of voting as aforesaid be accepted by the sheriff as correct.

At the hearing of plaintiff's motion for an injunction it appeared, among other things, that plaintiff resides at the city of Bremen, Germany; a few days prior to the aforesaid assignment of January 18, 1897, he made to one Gutsch, of the city of San Francisco, in this state, a power of attorney, duly executed and acknowledged, in terms purporting to authorize the latter to "protect in every respect" the interests of plaintiff in all parts of the United States and to act in plaintiff's name for that purpose; and to collect debts, and bring actions, and do everything

necessary with reference to claims in dispute. In the said assignment plaintiff was named as a creditor to the amount of $12,-650; but before the meeting of creditors said Gutsch, on behalf of plaintiff, filed with the sheriff a statement of plaintiff's demand, under oath, stating the same to be $13,269, and by virtue of said power of attorney he voted at said meeting, as plaintiff's proxy, the amount last stated. On that occasion the "amount of demands present or represented by proxy" was $28,770.88, so that a majority of the same was above $14,385.44; defendant Roemer received the vote of $14,301 thereof for the office of assignee; one H. A. Diehl received the vote of demands (including that of plaintiff) amounting to $13,858; and the holder of a demand for above six hundred dollars, one Spingler, declined to vote at all. The sheriff, as already stated, declared Roemer duly elected; to which ruling plaintiff, by his said attorney, then and there protested on the ground that the claim of Spingler should be counted against Roemer in determining whether he had received a majority.

At the meeting of creditors the sheriff overruled all objections to the right of Gutsch to vote the plaintiff's demand, but both defendants urge now sundry of the objections then taken. Thus, they assert that the power of attorney was insufficient to authorize Gutsch to make affidavit to the claim of plaintiff or to vote the claim as proxy for plaintiff. As regards the affidavit—made to correct the statement of amount of the demand contained in the assignment—it is not apparent from the statute but that it may be made on behalf of the creditor by any person who has competent knowledge of the facts. And if express authority from the creditor is required for the filing thereof with the sheriff, still the power of attorney held by Gutsch was in language both broad enough and specific enough to include it, and was also sufficient evidence of his right to vote as plaintiff's proxy at the meeting.

It is further said that on the hearing of the motion for injunction the question whether plaintiff was a creditor of the assigning debtor to any amount was in dispute. But to raise that question the record shows only the affidavit of the sheriff to the effect that he has no information or belief as to the indebtedness of Werner H. Menke to plaintiff, "and basing his denial on that ground" he

denies that such indebtedness ever existed.   It was said in *People v. Smith*, 1 Cal. 9, that an affidavit made upon information merely is entitled to but little weight in any legal proceeding; and, certainly, for purposes of evidence no weight at all can be accorded to an affiant's denial based on the want of any information whatever.   Another objection is that plaintiff does not avowedly prosecute the action for the benefit of all the creditors. We know of no valid reason why he should so allege; of course, if he succeeds the result inures to the advantage of all—if such they regard it.

On the showing made it must be held that Roemer was never elected assignee.   He did not receive the vote of "a majority in amount of demands present or represented by proxy," which by the requirement of the statute (Civ. Code, sec. 3449) "shall control all questions and decisions."   The thirteenth section of the former federal bankrupt act (U. S. Rev. Stats., sec. 5034) provided that the choice of assignee should be made by the greater part in number and in value of the creditors who have proved their debts.   The question of the construction of that statute was stated and ruled as follows: "Must a person, to be elected assignee, receive only a majority of the votes actually cast, or a majority of all who have proved their claims?   The Register thinks that a majority of all the claims that are proved is requisite, and I agree with him in this opinion. . . . . If no one receives the vote of this majority no choice is made by the creditors."   (*In re Purvis*, 20 Fed. Cas. 74.)   And a like decision was rendered in *In re Scheiffer*, 21 Fed. Cas. 657.   Our statute here under view does not differ materially (as regards the present question) from that considered in the cases cited; and in our opinion it requires the same interpretation.   (See *O'Neill v. Reynolds*, 116 Cal. 264.)   The court should have issued the temporary injunction asked, and the order denying it should be reversed.

Gray, C., and Pringle, C., concurred.

For the reasons given in the foregoing opinion the order denying a temporary injunction is reversed.

Garoutte, J., Van Dyke, J., Harrison, J.