In re BLANKFEIN et al.

(District Court, S. D. New York. October 28, 1899.)

BANKRUPTCY—CREDITORS—REPRESENTATION BY ATTORNEY.

An attorney at law, retained generally to represent a creditor in bankruptcy proceedings, cannot cast the vote of such creditor in the election of a trustee at a creditors' meeting, without showing an express authorization thereto as attorney in fact.

In Bankruptcy.

Epstein Bros. and Stillman F. Kneeland, for the motion.
Myers, Goldsmith & Bronner and Max J. Kohler, opposed.

BROWN, District Judge. The question has been submitted whether a vote for a trustee at a creditors' meeting, offered in behalf of

Butterfield & Co. by a clerk employed by the law firm of Black, Olcott, Gruber & Bonynge who appeared in the proceedings as the proctors for Butterfield & Co., should be received. The vote was objected to by other creditors on the ground that no express authority from Butterfield & Co. to vote for trustee was shown, and that a mere retainer, as attorney at law, was insufficient.

The presumption in favor of the authority of an attorney to appear and act for the client whom he assumes to represent, has been chiefly asserted in ordinary suits. It extends to all the usual incidents of litigation arising in the conduct of the cause, because a party is usually obliged to employ an attorney, and presumably intends him to perform all acts incidental to his function and germane to it. This authority, however, is subject to numerous limitations, which will be found in 3 Am. & Eng. Enc. Law (2d Ed.) p. 345 et seq., and page 375. It would not be claimed, however, that an attorney might make oath to a bankrupt's schedules without special authorization by law; and voting for a trustee in bankruptcy is an act so essentially different in its nature and character from an attorney's ordinary duties in the conduct of litigation, and the business considerations that enter into the choice of a trustee are so foreign to a lawyer's ordinary functions or presumed special knowledge and skill, that the right to vote cannot be deemed to be a part of his implied authority, nor presumed to be conferred upon a lawyer from his mere retainer in a bankruptcy proceeding.

In bankruptcy, this question can hardly be treated as a new one. Under similar provisions of the act of 1867 the practice was definitely settled, that an attorney could not vote for an assignee merely by virtue of his general authority as attorney at law. He must prove his authority by letter of attorney, or by the oath of some one, showing him to be a duly-constituted attorney, i. e. an attorney in fact, for that purpose. See Bump, Bankr. (10th Ed.) 667 note; In re Purvis, 1 N. B. R. 163, Fed. Cas. No. 11,476; In re Knoepfel, 1 N. B. R. 23, 1 Ben. 330, Fed. Cas. No. 7,891; Id., 1 N. B. R. 70, Fed. Cas. No. 7,892. The latter case was decided in this district by Mr. Justice Blatchford, wherein Mr. Seixas, though he was the attorney and proctor for the parties, and showed a special authority from one Kutter, the attorney in fact of the foreign creditors, was held to have no right to vote for an assignee in their behalf, his special authority to vote being defective. In the case of Martin v. Walker, 1 Abb. Adm. 579, 16 Fed. Cas. 911, Betts, J., held that under a retainer as attorney at law, the proctor could not claim to be attorney in fact.

"One cannot, by virtue of his retainer as attorney at law, assume to act in the cause in the character of attorney in fact." Id., 1 Abb. Adm. 584, 16 Fed. Cas. 913.

I find no sufficient reason for any different rule under the present act. See Loveland, Bankr. 206, § 105. As I have said, there is no substantial difference on this point in the language of the two acts. The act of 1867 (Rev. St. § 5095) provided:

"Any creditor may act at all meetings by his duly constituted attorney the same as though personally present,"

and this was held to mean an attorney in fact, as above stated.

In the present act, sections 56 and 44 authorize creditors to appoint a trustee by vote; and section 1, subd. 9, provides:

"'Creditor' * * * may include his duly authorized agent, attorney or proxy."

The words "duly authorized" here apply to "attorney" and "proxy" as well as to "agent." This phrase in effect is, "his duly authorized attorney," and this requires the production and exhibition or proof of the authority. Such phraseology would not be used where an attorney at law is intended, since his authority is legally presumed, and is not ordinarily required to be shown. The connection with the word "proxy" is also some indication that an attorney in fact is meant, who must be "duly authorized" and in due form; that is, as in case of a proxy, unless proved by oath, as an agent's authority may be proved, to be legally substantiated by some writing that is self proving or can be proved by oath, and filed with the referee.

As the present act uses substantially the same language as the act of 1867, the practice and rulings under that act, in the absence of any contrary indication, ought I think to be deemed controlling, as intended to be continued under the present law. The reasons for the rule are the same as under the former act.

Such seems also to be the intent of the supreme court rule 21, subd. 5 (18 Sup. Ct. vii.), in providing for a representation of the creditor through a letter of attorney. This clause provides:

"The execution of any letter of attorney to represent a creditor may be proved," etc.

Voting for a trustee, is "representing" the creditor in a very special sense; and not being a right belonging to an attorney at law as such, the intimation is strong that a letter of attorney is his proper, if not his exclusive, authority.

It is urged in favor of the attorney's claim, that general order No. 4 (18 Sup. Ct. iv.) provides that "every party may appear and conduct the proceedings by attorney," etc. But general order No. 3 (18 Sup. Ct. iv.) under the act of 1867 was in the same terms. These words have manifestly no relation to such a personal act as the creditors' choice of a trustee, any more than they refer to the affidavit to the schedules of a petitioning debtor. Form 20 (18 Sup. Ct. xxvii.) the title of which is referred to, is merely a very broad form of written authority, and confers no authority on an attorney at law.

The ordinary presumption of an attorney's authority holds, I think, in bankruptcy proceedings, as in other suits; but in my judgment it does not apply at all to acts of the special nature referred to, or to others of a kindred character, which have never been deemed incident to the right or the duties of an attorney at law, but which have always been performed by the creditors themselves, except when another person has been specifically authorized to perform them.

In the present case the vote was not offered even by either of the attorneys of record, but only by their clerk. This is but a single illustration of the loose practice that would at once arise, if the claim here made were allowed in favor of a mere attorney at law. There are other practical objections, which at least in this district should

forbid the allowance of votes for a trustee, except by creditors them-
selves, or by those who have been delegated to represent them in such
matters, and who substantiate their right to vote in some legally
recognizable form; and I am satisfied that the ends of justice will
here be best subserved by an adherence to the practice under the
former act. In cases of surprise and in the absence of laches, the
referee may and should exercise a reasonable discretion in granting
adjournments to give creditors a fair opportunity to vote, when that
can be done without manifest prejudice to the estate.

The vote offered on account of Butterfield & Co. should not, there-
fore, be received.