### In re BROOKE et al.

(District Court, E. D. Pennsylvania. March 29, 1900.)

No. 280.

BANKRUPTCY—TRUSTEE—APPOINTMENT BY REFEREE.

If the creditors of a bankrupt, at their first meeting, do not choose a trustee for the estate, nor request that an election be had, nor nominate a candidate for the office, the referee in bankruptcy, presiding at the meeting, may appoint a trustee; and his appointment will not be set aside by the court merely because the creditors desire that a different person should act as trustee.

In Bankruptcy. On rule to revoke appointment of trustee by the referee in bankruptcy.

Henry J. Scott, for creditors.

John Weaver, for bankrupt.

McPHERSON, District Judge. I have considered carefully the testimony taken before the learned special referee, and I agree substantially with his findings concerning what took place at the first meeting of creditors. Upon the essential point I think there is no real controversy among the witnesses. They all agree that the creditors did not appoint a trustee at that meeting, but acquiesced in the appointment made by the referee. It seems to me, therefore, that little more need be said. Section 44, Bankr. Act 1898, expressly provides that, "if the creditors do not appoint a trustee, or trustees, as herein provided [namely, at the first meeting], the court shall do so." Under the definition given in section 1, "court" may include the referee, and in this district the construction of the word in section 44 has been thus wide. No doubt, Mr. Hirst, the attorney for the creditors that were present, preferred another trustee, and expressed his preference to the referee, but he took no action to make his preference effective. No nomination was made. There was no request—much less insistence—that an election should be had. No protest was made against the referee's right to appoint, or against his act of appointment; and there was no attempt to comply with form 22 (32 C. C. A. lxii., 89 Fed. xxxviii.). In short, there was nothing but a mere suggestion, without any effort to carry it out. The creditors had full power over the subject. They had only to choose, and their choice would necessarily have prevented an appointment by the referee. But, having failed to use their power, I see no ground upon which they can ask the court in effect to do now what they ought to have done for themselves, and might have done, if they had not let the opportunity slip through their fingers. The delay in asking to have the appointment revoked may, perhaps, have some significance, but I do not in any degree put the decision upon that ground. The rule is discharged at the costs of the petitioners.