In re RICHARDS.

(District Court, N. D. New York. September 20, 1900.)

BANKRUPTCY—FAILURE TO SELECT TRUSTEE—APPOINTMENT BY REFEREE.

It is proper for a referee to require a letter of attorney before allowing another to vote on the claim of a creditor in the election of a trustee, and, when the creditors in attendance cannot make a selection,—a majority in number voting for one person, and a majority in amount for another,—to himself appoint the person favored by a majority of the creditors.

In Bankruptcy. On petition to review the action of the referee in appointing a trustee.

Eugene D. Flanigan, for petitioner.

COXE, District Judge. Strictly speaking, there is nothing for the court to decide, as the referee has not certified the question presented, but as this omission can probably be supplied, the matter may as well be disposed of without further delay. The controversy arises over the action of the referee in appointing a trustee after the creditors had failed to make a choice, a majority in number voting for one person and a majority in amount for another. The dissatisfied creditor insists that the referee erred in appointing the candidate of the majority in number. He also objects to the action of the referee in refusing to permit his attorney to vote at the meeting without producing a written proxy. The meeting was adjourned to enable the attorney to procure the necessary written authority, and as he did not return at the expiration of the stipulated time it was clearly in the discretion of the referee to proceed with the meeting without further delay. His action in requiring the production of a written letter of attorney was proper. In re Blankfein (D. C.) 3 Am. Bankr. R. 165, 97 Fed. 191. It seems, however, that the vote of the objecting creditor was received and considered by the referee, and that he decided to break the deadlock by appointing the trustee supported by the majority in number. He thought, and rightly thought, that further delay would be injurious to the interests of the creditors. It is manifest that he acted entirely within the scope of his duty in making the appointment. Creditors by disagreeing cannot block the administration of the estate. In re Kuffler (D. C.) 3 Am. Bankr. R. 162, 97 Fed. 187. Section 44 of the act expressly provides that if the creditors do not appoint a trustee the court shall do so, and section 56 limits the voters at the meeting to those whose claims are proved and who are actually in attendance. The referee was not called upon to consider the claims of creditors who were not present. There is nothing to show that the trustee is not a perfectly proper person to act. Vague and inconsequential accusations are made, but nothing is said affecting his ability or integrity which will justify the court in overruling the decision of the referee. The action of the referee is confirmed.