Howry, J.,
delivered the opinion of the court:
The question before the court arise on the motion of the defendants to dismiss the petition.
First. It is said that there is an absence of proofs required by rule 34 which requires the representative character of the trustee plaintiff to be filed with the petition in the form of a duly authenticated copy of the record of his appointment. But the rule does not require that proof of the appointment is necessary as an integral part of the original petition, or that the failure to do so at the time of filing- the petition is fatal. It does appear that subsequent to the filing of the original petition the trustee lias furnished sufficient rule proof of his appointment.
Second. It is said that the documents filed in what we may term an amendment to the petition do not fulfill the requirements of the rule. We think they do.
Third. It is said that the certificate of the referee is incompetent to prove the trusteeship of Frank Crocker for the reason that the certificate undertakes to certify a conclusion and not the records upon which such conclusion is based. The documents filed appear to the court to be competent. They were authenticated by the judicial officer who was entitled to have these documents in custody. The order of appointment is in the form prescribed by the rules of the Supreme Court. We think there is enough in the certificate to authorize the court to proceed.
Fourth. It is said that because a trustee is appointed by a referee, instead of by the court of bankruptcy as required by *385 section 2, clause 17, and section 44 of the bankruptcy act of 1898, the trustee holds no office and hence is not a proper party to this proceeding. This is the most material proposition in the four alleged grounds for the motion to dismiss.
The court is of opinion that the bankruptcy act of July 1, 1898, as amended by the act of February 5, 1903, and the rules prescribed to be adopted and established in general orders in bankruptcy, made the appointment of the trustee by a referee proper. Courts of bankruptcy as defined by the acts mentioned were invested within their respective territorial limits with such jurisdiction in law and in equity as enabled them to exercse jurisdiction in bankruptcy proceedings in Yacation, in chambers, and during terms. When creditors neglect to recommend the appointment of trustees such trustees may be appointed. Courts of bankruptcy have jurisdiction to appoint referees. Kef erees take the same office in certain matters as that prescribed for judges of the United States. Kef erees were invested, subject always to review by the judge, within the limits of their district, with jurisdiction inter alia to exercise the powers of the judge for many matters pertaining to the administration of estates of bankrupts. The provision of law requires that—
“All necessary rules, forms, and orders as to procedure, and for carrying this act into force and effect, shall be prescribed and may be amended from time to time by the Supreme Court of the United States.”
The general orders in bankruptcy prescribed under the rules, 172 U. S., 653, includes the following:
Kule xm. “ The appointment of a trustee by the creditors shall be subject to be approved or disapproved by the referee or by the judge; and he shall be removable by the judge only.”
Kule xxiii. “In all orders made by a referee it shall be recited according as the fact may be that notice was given and the manner thereof; or that the order was made by consent; or that no adverse interest was represented at the hearing; or that the order was made after hearing, adverse interests.”
Kule xxxvni prescribes that “the several forms annexed to these general orders shall be observed and used, with such *386 alterations as may be necessary to suit the circumstances of any particular case.”
Form No. 23 is entitled “Appointment of trustee by referee. A comparison of the form prescribed by the rule with the certificate of the action of the referee in this case discloses that the rule has been followed.
Acquiescence on the part of the creditors in the appointment of a trustee, when made by the referee, was declared porper on the theory of the definition given in section 1 of the act where “ court ” is referred to and which may include, the referee. In re Brooke, 100 Fed., 432.
In re Huffier, 97 Fed., 187, it appeared that certain creditors moved to vacate the appointment of a trustee which was made by a referee. The court there held that it was not inclined to interfere with the “appointment” made by the referee. In re Richards, 103 Fed., 849, it was held that the referee acted within the scope of his duty in making the appointment of a trustee where the creditors had failed to make a choice.
In re Matchin, 128 Fed., 315, it appeared that no request had been made for a second election and that the referee was right in selecting the trustee himself.
The record discloses in the case at bar that the creditors whose claims had been allowed and were present, or were duly represented, failed to make choice of a trustee of the bankrupt’s estate and unanimously requested the appointment of Crocker as trustee. The appointment followed by the referee, as disclosed in the pleadings. It was a lawful and proper appointment.
Motion to dismiss denied.