### In re CAPITOL TRADING CO., Inc.

(District Court, N. D. New York. February 21, 1916.)

1. BANKRUPTCY ⬥123—ELECTION OF TRUSTEE—RIGHT OF ATTORNEY TO VOTE —"CREDITOR."

Bankr. Act July 1, 1898, c. 541, § 1 (9), 30 Stat. 544 (Comp. St. 1913, § 9585), provides that "creditor" shall include any one who owns a claim provable in bankruptcy and may include his duly authorized agent, attorney, or proxy. Section 44 (section 9628) provides that the creditors shall, at their first meeting after the adjudication, appoint a trustee or trustees. Section 56 (section 9640) provides that creditors shall pass upon matters submitted to them at their meetings by a majority vote in number and amount of claims of all creditors whose claims have been allowed and are present, except as therein otherwise provided. *Held*, that the rule of practice followed generally of requiring duly admitted attorneys at law appearing for a creditor and desiring to vote for trustee to have specific written authority, is binding, as, even though the law does not expressly require the production and filing of a written power or warrant of attorney, the court itself may require the filing thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179; Dec. Dig. ⬥123.

For other definitions, see Words and Phrases, First and Second Series, Creditor.]

2. INTERNAL REVENUE ⬥19—STAMP TAXES—POWERS OF ATTORNEY.

Emergency Revenue Act Oct. 22, 1914, c. 331, § 5, 38 Stat. 753, provides that there shall be levied, collected, and paid in respect of the documents, instruments, etc., mentioned and described in schedule A, or for or in respect of the paper, etc., upon which such instruments shall be written or printed the taxes specified therein. Schedule A imposes a tax of 25 cents on powers of attorney to sell and convey real estate, etc., or to perform any and all other acts not thereinbefore specified. *Held*, that powers or letters of attorney authorizing attorneys to represent creditors in bankruptcy proceedings, vote for trustee, etc., must bear an internal revenue stamp, and, even if such powers or letters of attorney are unnecessary, when they are executed and presented, they are not exempt from the stamp tax.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 39–44; Dec. Dig. ⬥19.]

In Bankruptcy. In the matter of the Capitol Trading Company, Incorporated, bankrupt. On review of action and order of Referee Edwin A. King in refusing, for want of a revenue stamp, to file certain letters of attorney and allow the attorneys designated in such letters or powers of attorney, respectively, to cast the vote of Mrs. E. I. Stewart and 159 other alleged creditors of the bankrupt, respectively, for trustee in a bankruptcy proceeding then pending. Order affirmed.

Mills & Mills, of Albany, N. Y., for creditors, especially Mrs. Stewart.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RAY, District Judge. The power of attorney or letter of attorney contained in the proof of claim of Mrs. Stewart reads as follows:

"Letter of Attorney to Mills & Mills, Attorney at Law.

"You or any one of you are hereby authorized by said creditor by the person making the foregoing deposition, who is duly authorized thereto, to appear for and represent said creditor and vote for said creditor in any proceedings, or meetings, which may be had or called in the above-entitled proceeding, in court, before the referee in bankruptcy, or elsewhere, and particularly to vote for said creditor in the choice of a trustee of said bankrupt whenever such election is held, to accept, or in your discretion oppose confirmation of, any composition offered by or in behalf of said bankrupt, and to receive and receipt for any and all moneys which may be, or may become, payable to said creditor therein, or for or on account of said debt.

"In witness whereof said creditor has hereunto signed her name and affixed her seal, when signing the deposition proceeding, the 6th day of January, 1916.

"Mrs. E. I. Stewart. [L. S.]
"[Individual executing always sign here.]
"Creditor.

"Subscribed, sworn to, and acknowledged before me this 6th day of January, 1916.

"[Seal.] O. G. Porter, Notary Public."

The others read the same. It will be noted these instruments give power to the attorney as follows:

(1) To "appear for and represent said creditor," and

(2) "Vote for said creditor in any proceedings or meetings which may be had or called in the above entitled proceedings [bankruptcy] in court, before the referee in bankruptcy, or *elsewhere*, and particularly

(3) "To vote for said creditor in the choice of a trustee of said bankrupt whenever such selection is held;

(4) "To accept or in your discretion oppose confirmation of any composition offered by or in behalf of said bankrupt," and

(5) "To receive and receipt for any and all moneys which may be, or may become, payable to said creditor therein, or for or on account of said debt."

The contention of the creditors of the bankrupt is:

(1) That no revenue stamp is required on a written power or letter of attorney running to an admitted attorney of this court, authorizing him to appear, file a claim, vote for trustee, and assent to a composition and collect the dividend on the claim.

(2) That no power or letter of attorney to an attorney of this court is necessary to enable him to appear for a creditor and vote for a trustee, that a written retainer is all that is necessary, and that such retainer requires no stamp.

This contention involves the question: May an attorney at law, under his general retainer, not only *conduct* the proceeding in bankruptcy for a creditor, but in so doing vote for trustee? A bankruptcy proceeding is somewhat peculiar. The bankrupt himself may institute it by filing a voluntary petition, or petitioning creditors may do so by filing an involuntary petition. All creditors are or should be notified of the proceeding after adjudication, and at a meeting of creditors called for the purpose they may come in and prove their claims. If a claim is allowed, *the creditor* is entitled to vote for the appointment of a trustee to administer the estate, and ordinarily the creditors control the appointment, subject to the approval of the court. After

the appointment is made and approved, and the trustee has qualified, subject to certain provisions of law, he is largely subject to the control and direction of the creditors themselves. The selection of the trustee is a part of the proceedings in bankruptcy when there are assets. It would seem that when a creditor executes his claim and places it in the hands of an attorney of this court, with directions to appear in the proceeding, there should be an implied authority to do any act in such proceeding necessary to protect and enforce the claim, including participation in the selection of a trustee. However under the prior Bankruptcy Act it was held that a special written power of attorney was necessary, and quite generally and almost without exception it has been held under the Bankruptcy Act of 1898 that a written power of attorney to an attorney of this court is necessary to entitle him to vote for trustee. If a written power of attorney or letter of attorney is necessary, it would seem clear that a revenue stamp of 25 cents must be annexed thereto. As one was actually executed and offered for filing, it would seem it was not entitled to filing unless properly stamped, even if unnecessary.

Did the referee err in refusing to receive and file and recognize the unstamped power or letter of attorney? Did the referee err in refusing to allow the creditor to vote for the selection and appointment of a trustee?

[1] In Re Sugenheimer (D. C.) 1 Am. Bankr. R. 425, 91 Fed. 744, Judge Brown assumed that a written power of attorney to vote for trustee was required. There the creditor resided abroad. It would seem that Judge Brown followed the holdings under the Bankruptcy Act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517), where the practice was definitely settled that an admitted attorney could not vote for an assignee in bankruptcy merely by virtue of his general authority as attorney at law. It was held that he must prove his authority by letter of attorney, or by the oath of some one, showing him to be a duly constituted attorney; that is, an attorney in fact for that particular purpose. Bump on Bankruptcy (10th Ed.) 667, note; In re Purvis, 1 N. B. R. 163, Fed. Cas. No. 11,476; In re Knoepfel, 1 N. B. R. 23, 1 Ben. 330, Fed. Cas. No. 7,891; Id., 1 N. B. R. 70, Fed. Cas. No. 7,892. This last-cited case was decided by Mr. Justice Blatchford, later of the Supreme Court of the United States.

In Martin v. Walker, 1 Abb. Adm. 579, 16 Fed. Cas. 911, No. 9,-170, it was held that under a retainer as attorney at law the proctor could not claim to be an attorney in fact and entitled to vote for assignee in bankruptcy. The act of 1867 provided:

"Any creditor may act at all meetings by his duly constituted attorney the same as though personally present."

In the present Act (1898), sections 56 and 44 authorize creditors to appoint a trustee by vote, and section 1, subdivision 9, provides that:

"Creditor * * * may include his duly authorized agent, attorney, or proxy."

It seems clear that the words "duly authorized" apply to attorney and proxy, as well as to agent. If this be so, then the language of the

act requires the attorney, even though admitted to practice in the bankruptcy court, to produce and exhibit proof of his authority. It would seem clear that the act intends that the creditor himself may vote for trustee by agent, attorney, or proxy, when such agent, attorney, or proxy presents and files power or letter of attorney authorizing him so to do. This has been held in In re Eagles & Crisp (D. C.) 3 Am. Bankr. R. 733, 99 Fed. 696; In re Lazoris (D. C.) 10 Am. Bankr. R. 31, 120 Fed. 716; In re Scully (D. C.) 5 Am. Bankr. R. 716, 108 Fed. 373; In re Henschel (D. C.) 6 Am. Bankr. R. 305, 109 Fed. 861, and by implication 7 Am. Bankr. R. 662, 113 Fed. 443, 51 C. C. A. 277; In re Richards, 4 Am. Bankr. R. 631 (D. C.) 103 Fed. 849.

The contrary is held by a referee in bankruptcy, affirmed by Dodge, District Judge, without opinion, in Re Crooker Co., 27 Am. Bankr. R. 241. In Re Hawley (D. C.) 220 Fed. 372, Judge A. N. Hand held by implication that a written power of attorney is necessary in such a case, although it does not specifically appear that the attorney in fact was an attorney and counselor admitted to practice in the bankruptcy court. He says:

"The referee in bankruptcy has refused to accept a general letter of attorney in the above estate in the usual official form, authorizing the attorney in fact to attend meetings of creditors of the bankrupt and vote thereat for trustee, or for any other proposal or resolution that may be submitted under the act, to accept any composition proposed by the bankrupt, and to receive payment of any dividends or money due under any composition, etc., unless there shall be affixed to such letter of attorney a 25-cent internal revenue stamp."

This case (In re Hawley) seems to be an authority only for the proposition that the letter of attorney to an attorney in fact must have the revenue stamp, saying nothing as to whether a special power of attorney or letter of attorney is necessary to enable an attorney at law duly admitted to appear and vote for trustee.

Remington on Bankruptcy (2d Ed.) vol. 1, §§ 583 and 584, state, accepting the weight of authority:

"The courts have almost uniformly held, whenever called on to pass upon the question, that even attorneys at law, admitted to practice in the United States courts, and in good standing, must have written power of attorney in order to vote [for trustee], although there would be no such requirement in order to act in other respects for clients."

Remington proceeds to say (section 584):

"However, it seems a wholly unnecessary requirement, in cases of attorneys duly admitted to practice before the court. For in fact, if there is one particular thing a creditor wants of his attorney in a bankruptcy proceeding, it is to vote for trustee. That is usually the first duty, and, being so, it would seem a strong implication would arise from the employment itself that the creditor expects his attorney to vote for him. Certainly it is precisely as appropriate as it would be for attorneys to suggest names of receivers for other courts to appoint. Because there are forms for use in appointing proxies and attorneys in fact is not conclusive that such forms are to be used when the right of attorneys at law to act is brought in question."

It must be remembered, however, that suggesting receivers to the court for appointment is quite a different matter from actually voting

for a trustee in bankruptcy. Attorneys at law have no right to appoint the receiver. Receivers are appointed by the court. Trustees in bankruptcy are appointed by the creditors at a meeting duly called and held for the purpose. It is quite common for creditors who cannot attend in person, when their proof of claim is filed and allowance sought, to have some attorney appear for the sole and only purpose of joining in the selection of a trustee. Such creditors do not intend, as a rule that their attorney shall attend all meetings or take part in the proceedings generally. In the ordinary action at law, or in equity, or in special proceedings, when the moving party, petitioner, plaintiff, or complainant, as the case may be, institutes such cause or proceeding through an attorney, it is expected that the attorney will attend to and conduct all proceedings from beginning to end. This court is of the opinion that the practice which has grown up, and which seems to be recognized by the act itself, requiring attorneys at law duly admitted, who appear for a creditor and desire to vote for trustee, to have specific written authority, is a wise and necessary rule of practice. Clearly the wisdom of this rule of practice is sustained by abundant authority. In 4 Cyc. 932, it is said:

"Although in former times it was customary, and even necessary, for attorneys to file in court warrants showing their right to represent clients, this practice has long been discarded, and it is generally no longer necessary, either in the case of an individual or of a corporation, for an attorney to have a warrant of attorney; authority by parol being sufficient."

It is also there stated that:

"Where the relation of attorney and client exists, the law of principal and agent is generally applicable, and the client is bound, according to the ordinary rules of agency, by the acts of the attorney within the scope of the latter's authority."

I think the practice in bankruptcy cases too firmly fixed and settled to allow a departure therefrom, even if the law itself does not expressly require the production and filing of a written power or warrant of attorney. It must be that for the doing of a specific thing the court itself by rules of practice has the right to require the filing of a warrant or power of attorney showing authority to do such specific thing out of the ordinary.

In 4 Cyc. pp. 928 and 929, it is said,

"*Proof of Authority—1. In General.* Although it is necessary that an attorney be specially authorized to act for a client, his position as an officer of the court makes it unnecessary for him, in the ordinary case, to show his authority in any way, there being a firmly established presumption in favor of an attorney's authority to act for any client he professes to represent. It follows, therefore, that he will not be required to show his authority *unless it is properly called for.*

"*2. Who may Demand—a. Court—(1) Generally.* In spite of this favoring presumption, however, there is a well-recognized discretion in the court to call for proof of an attorney's authority when it sees fit."

In New York there are many cases to this effect, and there are cases in the United States courts holding the same. It follows, it seems to me, that this rule of practice, which has been adopted and followed generally in the courts of the United States in bankruptcy

proceedings, requiring the production of written authority, is valid and binding. It comes, then, to the question whether or not such a letter or power of attorney in a bankruptcy proceeding must bear a revenue stamp.

[2] Emergency Revenue Law Oct. 22, 1914, c. 331, 38 Stat. 745, extended for one year to December 31, 1916, is a taxing measure or law, and is declared to be "An act to increase the internal revenue and for other purposes." The power of Congress to tax, with certain limitations, is practically unlimited, and when the language is broad and comprehensive it is not the province of the court to limit or restrict or prescribe exceptions to the general language. The duty of legislation is on Congress, and not on the courts. It is the duty of the courts to interpret and execute the laws by appropriate judgments, and not to make or remake them.

In section 5 of the act referred to we find the following:

"That on and after the first day of December, nineteen hundred and fourteen, there shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in schedule A of this act, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, shall be written or printed by any person or persons, or party who shall make, sign, or issue the same, or for whose use or benefit the same shall be made, signed, or issued, the several taxes or sums of money set down in figures against the same, respectively, or otherwise specified or set forth in the said schedule." 38 Stat. 753.

And in said schedule A we find the following:

"Power of attorney to sell and convey real estate, or to rent or lease the same, to receive or collect rent, to sell or transfer any stock, bonds, scrip, or for the collection of any dividends or interest thereon, or to perform any and all other acts not hereinbefore specified, 25 cents: Provided, that no stamps shall be required upon any papers necessary to be used for the collection of claims from the United States for pensions, back pay, bounty, or for property lost in the military or naval service." 38 Stat. 762.

This it is seen relates to stamps on powers of attorney, and there is specified: First, powers of attorney to sell and convey real estate, or to rent or lease real estate, or to receive or collect rent; second, powers of attorney to sell or transfer any stock, bonds, scrip, or for the collection of any dividends or interest thereon; and, third, to perform any and all other acts not hereinbefore specified. The acts before specified relate, first, to the sale and conveyance of real estate, and the renting or leasing of real estate, and to the receiving or collecting of rents of real estate; and, second, to the sale or transfer of stock, bonds, and scrip, or for the collection of dividends or interest thereon; and, third, to powers of attorney to perform any and all other acts not specified and embraced within the general language. The only exception mentioned is:

"That no stamps shall be required upon any papers necessary to be used for the collection of claims from the United States for pensions, back pay, bounty or for property lost in the military or naval service."

I see no room for excepting from the operation of this act powers or letters of attorney authorizing attorneys in fact to act for their prin-

cipal in suits at law or in bankruptcy proceedings. If not stamped, the power or letter of attorney cannot be filed and used, whether necessary or unnecessary. If necessary, it must be stamped and presented. If unnecessary, then, of course, its execution and presentation is not required. However, such a paper is not exempt from the stamp duty or stamp tax when executed and presented, even if its execution and presentation is not required by law. This proposition is covered by the decision of Judge Hand (In re Hawley [D. C.] 220 Fed. 372), and it is there stated:

"The opinion which I am about to express is concurred in by the four judges of this court. We think the decision of the referee was correct in both instances."

This would mean that Judges Learned Hand, Mayer, and Hough concur in the holding. I do not think that Tolman v. Treat (C. C.) 106 Fed. 679, is to the contrary.

If the instruments executed by Mrs. Stewart and the other creditors, authorizing the persons named therein to vote for trustee, are to be regarded merely as written retainers authorizing an attorney at law to appear in bankruptcy court on behalf of their clients and take certain steps in the litigation which come within the ordinary powers of an attorney at law, then we have a mere written retainer, and not what is ordinarily understood to be "a power of attorney."

If it had been the purpose of Congress to exempt powers of attorney or letters of attorney given to attorneys at law, authorizing them to do certain things in bankruptcy proceedings, I think the exception would have been made. The practice of requiring creditors in bankruptcy proceedings to produce powers of attorney authorizing attorneys at law to vote for trustee has been well understood for many years. If the affixing of a stamp to such powers of attorney is deemed burdensome, the remedy is in applying to Congress for an amendment to the language of schedule A above quoted. Congress did provide that no stamps shall be required upon papers necessary to be used for the collection of claims from the United States for pensions, back pay, bounty, or for property lost in the military or naval service. This demonstrates that the question of proper exceptions from the provisions of the act was considered by Congress. It cannot be assumed that the ordinary powers of attorney used in bankruptcy proceedings were not within the contemplation of the lawmaking body.

I am constrained to hold that the decision of the referee in refusing to file the powers of attorney presented to him and which did not bear the proper stamp was correct.

The order under review is therefore affirmed.