litigation having terminated adversely to the trustee, the court has nothing tangible to support its ancillary jurisdiction. Complainant contends, however, that he is not concluded by the decision against the trustee, and can obtain relief against the bond and the foreign defendants if he proves his case.

With these views I cannot concur. The bond was only intended to take the place of the cotton, and the foreign defendants have done nothing to subject themselves personally to the jurisdiction of the court. The defendants have shown that they are at heavy expense to pay the continuing premium on the bond, and equity requires that the litigation be promptly terminated.

The bill will be dismissed without prejudice.

The foregoing are the papers mentioned in the præcipe filed by the complainants.

George T. Hogg, of New York City, and W. O. Hart, of New Orleans, La., for appellants.

Geo. Denegre, Victor Leovy, Henry H. Chaffe, and Geo. H. Terriberry, all of New Orleans, La., for appellees.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

PER CURIAM. We concur with the trial judge in the disposition of this case.

The decree appealed from is affirmed.

---

## In re F. & D. CO.

(Circuit Court of Appeals, Second Circuit. April 10, 1917.)

No. 227.

BANKRUPTCY ⬯120—APPOINTMENT OF TRUSTEE—ELIGIBILITY.

Under Bankruptcy Act July 1, 1898, c. 541, § 45, 30 Stat. 557 (Comp. St. 1916, § 9629), providing that trustees may be individuals competent to perform the duties of the office, and residing or having an office in the judicial district within which they are appointed, or corporations authorized to act in such capacity, where no candidate for the office of trustee received the votes of a majority of creditors in number and amount, and the appointment of a trustee thereupon devolved upon the referee, a person otherwise qualified was not ineligible because he was one of the unsuccessful candidates voted for by the creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 185.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the F. & D. Company, bankrupt. On petition by Marshall S. Hagar to revise an order (237 Fed. 895), reversing an order of the referee appointing him as trustee. Order reversed, with directions.

Augustus H. Skillin, of New York City, for petitioner.

Bogart & Bogart, of New York City (Jacob J. Lesser, of New York City, of counsel), for respondent.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

---

WARD, Circuit Judge. At the first meeting five creditors, whose claims aggregated some $32,000, voted for Marshall S. Hagar as trustee, while seven creditors, whose claims aggregated some $1,600, voted for Jacob J. Lesser. No candidate having a majority in number and amount of claims voted, there was no election, and the referee appointed Hagar trustee, who thereafter filed a bond and entered upon the administration of the estate. Subsequently a creditor filed in the office of the referee a petition to review his order appointing Hagar, and, the same having come on for hearing, the District Judge reversed the order and appointed a new trustee.

Section 45 of the Bankruptcy Act provides:

"Trustees may be (1) individuals who are respectively competent to perform the duties of that office, and reside or have an office in the judicial district within which they are appointed, or (2) corporations authorized by their charters or by law to act in such capacity and having an office in the judicial district within which they are appointed."

The District Judge expressly approved the character and integrity of Mr. Hagar, and stated as the sole ground for removing him that the referee should not have appointed one of the unsuccessful candidates. He said:

"What this action of the referee comes to is that he has appointed one of the persons whom the creditors have demonstrated that they are unable to select. Such an appointment by the referee is, in effect, overriding the clear intent of the statute. For this reason the order will be reversed, and the court will appoint a new trustee."

The intent referred to is probably that a majority of the creditors in number and amount is necessary to the election of a trustee, and, neither of the unsuccessful candidates having had such a majority, it is to be assumed that neither was acceptable to the creditors. But the provision of the statute applies to an election, and not to an appointment by the referee or District Judge. There is no presumption against the character or fitness of the unsuccessful candidates when there is no election by creditors, and while it may generally be wise not to appoint an unsuccessful candidate, we cannot assent to the proposition that they are ineligible. Such appointments were made in several reported cases, though no objection was raised on this ground. In re Richards (D. C.) 103 Fed. 849; In re Rosenfeld, Goldman & Co. (D. C.) 228 Fed. 921; In re Harry Rothleder (D. C.) 232 Fed. 398.

The order is reversed, and, as the original appointment was proper, and should have been confirmed, there is no vacancy within section 44 of the Bankruptcy Act (Comp. St. 1916, § 9628), and the court below is directed to reinstate the trustee appointed by the referee.