### In re EAGLES et al.

### (District Court, E. D. North Carolina. February 16, 1900.)

1. BANKRUPTCY—ELECTION OF TRUSTEE—VOTE OF SECURED CREDITOR.

In the election of a trustee in bankruptcy, a secured creditor may surrender his security, and vote as on an unsecured claim; but, failing this, he will not be entitled to vote unless his claim exceeds the value of the security which he holds, and then only for such excess as shall be allowed by the court.

**2. SAME—VOTING BY AGENT OR ATTORNEY.**

An attorney, agent, or proxy, representing a creditor of a bankrupt, may cast the vote of such creditor in the election of a trustee, upon producing a written authority from the creditor for that purpose, which authority will be filed by the referee as a part of his record in the case.

**3. SAME—OBJECTIONS TO CLAIM—HEARING.**

If objection is made to the allowance of a claim presented at a meeting of the creditors of a bankrupt, the question of its allowance should be heard as soon as feasible, and, if the court is not satisfied with the weight of evidence, the hearing may be adjourned to a future time; the final decision, for or against the allowance of the claim, being appealable to the circuit court of appeals, if the claim amounts to $500 or more.

**4. SAME—SETTING ASIDE ELECTION.**

Where claims offered for proof and allowance at a meeting of creditors of a bankrupt are excluded from voting in the election of the trustee, being postponed for future consideration, or disallowed, and are afterwards allowed on hearing or on appeal, the court may set aside the election, and order a new vote to be taken, if it is made to appear that the result would be changed by allowing votes to be cast on such claims, but not otherwise.

**5. SAME—PROOF OF DEBT—WHO ENTITLED.**

Where one of the partners in a bankrupt firm has a claim against the firm, which he has assigned to a third person as collateral security for a debt, the holder cannot prove the claim nor vote on it in the election of a trustee, not being the owner of the claim, and, for a similar reason, the bankrupt partner cannot prove it.

In Bankruptcy. On review of decision of referee in bankruptcy.

Gilliam & Gilliam, for bankrupts and certain creditors.
Howard & Howard, for other creditors.

PURNELL, District Judge. The referee certifies for review the following record:

"I, C. C. Fagan, one of the referees in bankruptcy of said court, do hereby certify that the first meeting of the creditors herein was held in Tarboro, N. C., on February 12, 1900, at which claims were proven, and the election of a trustee entered upon; that nine (9) creditors, whose proven claims amounted to two thousand and eighty-four and $97/100$ dollars, voted for Stamps Howard, Esq., as trustee, and twenty-six (26) creditors, whose proven claims amounted to two thousand and eight hundred and twenty-five and $52/100$ dollars, voted for Henry Gillaim, Esq., as trustee; that questions arose as to the right of Howard & Co. and George Howard to vote in the selection of the trustee, $712 due the former, and $1,000 due the latter, both of which claims are reported and proven as secured by the assignment of collaterals of bankrupts, fully set forth in schedule; that question also arose as to who was entitled to vote a certain indebtedness duly proven by B. F. Eagles, and due him by Eagles and Crisp, bankrupts, for $2,886.36, and which is hypothecated with George Howard as collateral security for the sum of one thousand dollars, the amount due and secured to George Howard as above. Howard & Co. and George Howard claimed the right to vote their debts of $712 and $1,000 in the election of a trustee, and offered to vote the same for Stamps Howard, Esq. The referee was of opinion that the said creditors, being secured by collaterals, were not entitled to participate in the selection of a trustee, unless they first surrendered their securities. George Howard claimed the right to vote the debt of $2,886.36 due to and proven by B. F. Eagles, and deposited with him as collateral security for $1,000 due by bankrupts as aforesaid, and offered to vote the said indebtedness for Stamps Howard as trustee. B. F. Eagles, to whom the debt is due, claims the right to vote said indebtedness, and offers to vote the same for Henry Gillaim, as trustee. The referee was of opinion that B. F. Eagles was entitled to vote said indebtedness in the selection of a trustee, and the same was voted for Henry Gillaim. The referee declared Henry Gillaim duly elected trustee, and fixed his bond at the

sum of $2,500. Attorneys for the said Howard & Co. and George Howard object to the above rulings and decision of the referee, and ask that the same be certified to the judge of the district court for review."

It would not be inappropriate for referees to follow the familiar practice of "explaining the object of the meeting" to creditors and attorneys not familiar with the practice in the courts of bankruptcy. Many questions similar to those presented may thus be solved, thus saving time, frequently so essential in a proper adjustment of estates. The meeting is for business, and must be held in strict accordance with the notice, at the time and place specified, not at some other time, sooner or later, or another place, though near by. Adjournments may be had if the business requires it, but all adjournments are the same meeting, in contemplation of law. If no creditor appears, the meeting is as effectual as if they were present or represented. The court, judge, or referee is not authorized or required to wait for or "count a quorum." If, in such case, the schedules disclose no assets, the court may order that no trustee be appointed. Rule 15.

The referee should be punctually present at the time and place specified in the notice. He or the judge presides, and his duties are judicial. He does not otherwise participate. The bankrupt is required and should be actually present at the first meeting. It is a creditors' meeting, and they (the referee and bankrupt) are there to assist the creditors,—the first as an officer of the law, and the other to aid him in so doing. Thus aided, the referee should, in most cases, be able to pass upon all claims which have been or may be presented at the meeting. Bankr. Act, § 55c. Having thus passed upon the claims presented, a creditor to participate in and vote at such meeting must own an unsecured claim, provable in bankruptcy, and must not only have proved such claim, but had it allowed. Id. §§ 56a, 56b; In re Hill, Fed. Cas. No. 6,481; In re Altenheim, Id. 268. Secured creditors cannot vote at such meetings, unless their claims exceed the amount of the security held by them, and then only for such excess as shall be allowed by the court. Bankr. Act, § 56b. An attorney, agent, or proxy can represent and vote for such creditors, but, before being permitted to do so, should be required to produce and file written authority from the creditor, which should be filed by the referee as a part of his record. In re Sugenheimer (D. C.) 91 Fed. 744. Creditors holding claims which are secured or have priority are not, in respect to such claims, entitled to vote. To do so, such security or priority must be surrendered. In re Saunders, Fed. Cas. No. 12,371; Bankr. Act, § 57g; In re Conhaim (D. C.) 97 Fed. 924. This provision illustrates the homely maxim, of Heywood, hoary with the age of over four centuries, that one cannot eat his cake and have his cake too. The creditor must decide. He can make a surrender, thus becoming an unsecured creditor, and participate with other creditors in the management of the estate, or he can stand on his security or priority. He cannot do both. He cannot run with the hare and hold with the hounds, as boys who run rabbits would express it, quoting a sixteenth century authority.

Assisted as indicated by the schedules, the bankrupt, and others interested, creditors present, it would seem the court could pass on all or most of the claims without difficulty or delay. If a particular claim is objected to, the question should be heard as soon as feasible, and, if the court (judge or referee) is not satisfied with the weight of evidence, the hearing may be postponed, and heard at some subsequent time. The act of 1867 provided expressly for such postponement, and the act of 1898 does not prohibit, but, by lodging a large discretion in the court, warrants and contemplates it. On a decision, the allowance or rejection of a claim of $500 or over, both may be reviewed by the court of appeals. Bankr. Act, § 25, subd. 3. The effect of allowing or postponing the hearing on a particular claim affects only the creditor's right to vote at the first meeting of creditors. If made to appear the result would be changed by such vote or votes, the judge or referee may set aside the result, and order a new vote to be taken. When it appears the right to vote would not affect the business of the estate, the proceedings would not be disturbed to allow a creditor to exercise the right to vote when it would be barren of results. A creditor who has received a preference must surrender such preference before he can participate in a meeting of creditors. By the adjudication, the estate of the bankrupt is in the custody of the court. If the preference is by the assignment of securities, the creditor cannot realize on such securities, or release the debtor of the bankrupt, except through the bankrupt court. See In re Cobb (D. C.) 96 Fed. 821, and authorities cited. Such creditor should prove and file his claim, and his preference, if valid, will be protected by the court, but he cannot participate in meetings as an unsecured creditor. In a proceeding like the one at bar, the creditors of the partnership elect the trustee, but an individual creditor of one of the partners cannot vote for a trustee of the partnership. Bankr. Act, § 5b.

Applying the foregoing principles, which are thus fully discussed for the benefit of referees, to the case at bar, the rulings of the referee are affirmed. The claim of $712 due Howard & Co., and that of $1,000 due George Howard, "reported and proven as secured by the assignment of collaterals of bankrupt, fully set forth in schedule," are not such claims as would entitle the creditor holding such claim to participate in the first meeting of creditors or vote for a trustee.

The question propounded, but not presented in such a way as to be properly passed upon, as to who is entitled to vote the claim of B. F. Eagles, due him by Eagles and Crisp, bankrupts, for $2,886.36, may be settled by an answer to the question, was such claim allowed? If not, no one can vote it. B. F. Eagles was a member of the bankrupt firm, and schedules his individual property. Section 5g of the bankrupt act provides:

"The court may permit the proof of the claim of the partnership estate against the individual estates, and vice versa, and may marshal the assets of the partnership estate and individual estates so as to prevent preferences and secure the equitable distribution of the property of the several estates."

The schedules disclose the fact that the $1,000 debt due George Howard by B. F. Eagles, partner, is secured by the hypothecation

of a note of A. H. Crisp (not of the bankrupt firm), which note is secured by real-estate mortgage and other collaterals. Other questions as to this claim may arise hereafter, which are not now presented for review, as contemplated by the bankrupt act, and even the question of who is entitled to prove and vote the claim is not so presented. Howard cannot prove or vote the claim, for he does not own it. It is only assigned as collateral security. If, when reduced to money, the proceeds are in excess of his claim, which he cannot vote, the excess would, in a marshaling of assets, go to the estate, and, if not sufficient to satisfy his claim, then he would be entitled to prove, as an unsecured creditor, any excess. How this may be cannot now be determined. B. F. Eagles cannot prove the claim, because he does not own it. Aliunde the bankrupt proceedings, he would own an equitable interest, but has assigned the legal title to the claim. Nor does the report of the referee and the schedules correspond in some essential particulars as to this claim. Only the right to prove and vote the claim, which is not properly presented, is now considered, and the many questions which may arise are not intended to be passed upon. It will be in apt time to adjudicate such questions should they arise in the course of the administration of the estates of the firm and the partners.

It is impossible to say from the report which claims are included in the vote for trustee. If the claims not entitled to vote were included in the vote for Mr. Gillaim or Mr. Howard, they must be eliminated, and the one who thus has a majority in number and amount of the claims proved and allowed will be declared trustee. Such trustee will at once file the bond fixed by the creditors, and proceed with the administration of the estate according to the statute.