In re SCULLY.

(District Court, E. D. Pennsylvania. May 2, 1901.)

No. 968.

BANKRUPTCY—ELECTION OF TRUSTEE—AUTHORITY OF ATTORNEY TO VOTE.
 The mere relation of attorney at law for creditors of a bankrupt does not authorize such attorney to vote in behalf of his clients at the election of trustee.

In Bankruptcy. On petition to set aside election of trustee.

Michael J. Ryan, for creditor.
J. Quincy Hunsicker, for bankrupt.

J. B. McPHERSON, District Judge. I think the learned referee was right in deciding that the mere relation of attorney at law did not authorize Mr. Hunsicker to vote in behalf of his clients at the election of the trustee (In re Blankfein [D. C.] 97 Fed. 191; In re Eagles [D. C.] 99 Fed. 695; In re Richards [D. C.] 103 Fed. 849);

and, since it clearly appeared by the testimony taken at that meeting that the bankrupt was insolvent when Catharine Lenahan's execution issued, I agree also in the conclusion that the lien of her levy was avoided by clause "f" of section 67, and therefore that she was not disqualified to take part in the election. The petition is refused.