In re HENSCHEL et al. (two cases).

(Circuit Court of Appeals, Second Circuit. January 14, 1902.)

Nos. 74, 80.

1. BANKRUPTCY—CHOOSING TRUSTEES.

Under Bankr. Act 1898, § 56a, requiring matters submitted to the creditors to be passed on "by a majority vote in number and amount of claims of all creditors whose claims have been allowed and are present," claims allowed are not to be counted in choosing a trustee, where the creditor is not present, and the power of attorney of his proxy is insufficient.

2. SAME—PROXIES—CERTIFICATE OF NOTARY.

A notary's certificate of acknowledgment to power of attorney to proxy of bankrupt's creditor is sufficient though having no venue, as it complies with the form prescribed pursuant to Bankr. Act 1898, § 30, vesting the supreme court with power to prescribe rules and forms.

Petition to Review Order of the District Court of the United States for the Southern District of New York.

William M. K. Olcott, for petitioners.

E. J. Myers, for respondent.

Before WALLACE and LACOMBE, Circuit Judges, and TOWN-- SEND, District Judge.

WALLACE, Circuit Judge. This is a petition of review of an order of a court of bankruptcy confirming the appointment of a trustee. 109 Fed. 861. At a meeting of the creditors of the bank-- rupt to choose a trustee of his estate 10 creditors, whose claims aggregated $8,173, voted for Mr. Whitney, and 4 creditors, whose claims aggregated $2,048, voted for Mr. Hough. The court confirmed the choice of Mr. Hough as trustee, he having been appointed such by the referee in bankruptcy upon the theory that the creditors had made no choice. This ruling proceeded upon the consideration that there were 24 creditors present at the meeting, and consequently the votes cast for Mr. Whitney were not those of a majority. In this number of 24 were 10 who were not allowed to vote. Proxies for these votes had been executed to certain attorneys, and these attorneys offered to vote for Mr. Whitney, but the votes were excluded by the referee upon the ground that the proxies were not valid. The district court, in confirming the choice of Mr. Hough, besides deciding that a majority of the votes present had not been cast for Mr. Whitney, also decided that Mr. Hough was the choice of the creditors, because 8 of the votes cast for Mr. Whitney were cast by proxies who voted on defective powers of attorney. We are of the opinion that creditors whose claims have been allowed are not present at a meeting within the meaning of section 56a of the bankrupt act, when they are not permitted to participate in its proceedings. The language of the clause is as follows:

"Creditors shall pass upon matters submitted to them at their meetings by a majority vote in number and amount of claims of all creditors whose claims have been allowed and are present, except as herein otherwise provided."

The meaning of the clause is to vest the power of creditors in those who are present, and not allow the proceedings to be delayed by the absence of those creditors who do not take sufficient interest to participate; but it is not its meaning to treat those as present who are excluded from voting by the referee. The court below construed it as meaning that the proceedings are to be controlled by the majority in number and amount of the "claims" present at the meeting, and was of the opinion that the claims sought to be represented by the excluded proxies were present at the meeting. We do not understand how claims are present at a meeting when the creditors themselves are absent, and those who seek to represent the claims are not allowed to represent them. Such claims are present only in the sense that every claim that has been proved is present. The proof of claim has been filed with the register, and may be on his desk during the meeting, but it is not present for any vital purpose. The proxy who is excluded from participation in the meeting is for all practical purposes precluded from representing the claim, and is absent from the meeting in legal contempla-

tion. We agree with the circuit court of appeals for the Sixth circuit that of the creditors giving proxies those only are to be counted whose powers of attorney were regarded as authorizing the attorney to appear and participate in the meeting. In re McGill, 45 C. C. A. 218, 106 Fed. 57.

The defects in the eight powers of attorney to the proxies voting for Mr. Whitney consisted in the absence of a venue to the notary's certificate of acknowledgment. The acknowledgment conformed literally to the form prescribed by the supreme court. Form No. 21 (18 Sup. Ct. xxviii.). In People v. Snyder, 41 N. Y. 397, a justice of the supreme court of the United States, in taking the acknowledgment to a deed, omitted the venue, and the question whether it was a valid acknowledgment was presented for decision. The court, in holding the acknowledgment to be sufficient, said:

"This officer was entitled to take the acknowledgment, and it must be presumed that he did it within the limits of his jurisdiction, even though that is not stated to have been the case in the certificate which he made, for the legal presumption is in favor of the validity of the acts of public officers where nothing appears warranting a different conclusion."

In Carpenter v. Dexter, 8 Wall. 513, 19 L. Ed. 426, the venue to the certificate of a notary was simply, "State of New York," and it was objected that the certificate had no assignable locality, and was therefore fatally defective; but the court in considering the objection used this language:

"The commissioner of deeds in New York had authority to act only in his city, and it will be presumed, although the state is named, that the officer exercised his office within the territorial limits for which he was appointed."

The proposition that, when the official character of the person taking the acknowledgment appears in the certificate, his authority and jurisdiction are to be presumed, is generally recognized by the authorities. There are, however, respectable authorities to the effect that the certificate is defective when it contains no venue, and the place where it was taken cannot be ascertained by a reference to the instrument to which it is attached. Bankr. Act, § 30, vests with the supreme court the power to prescribe rules and forms to be observed in proceedings under it. As the certificates in question comply accurately with the form which has been prescribed pursuant to this statutory authority, it must be deemed sufficient.

We conclude that the district court erred in approving the action of the referee. The cause is remitted to the district court with instructions accordingly.