## In re WOOTEN.

(District Court, E. D. North Carolina. November 3, 1902.)

1. BANKRUPTCY—PROOF OF DEBTS—BURDEN OF PROOF.
   The burden of proof rests upon every creditor of a bankrupt to establish his claim by a preponderance of evidence. If no objection is made to its allowance, the formal proof prescribed is accepted as sufficient, but a claim objected to must be proved under the rules governing other legal proceedings, and the fact that a claimant is a near relative of the bankrupt should be given the same effect as in other cases.

2. SAME—ATTORNEYS—INCONSISTENT EMPLOYMENT.
   The attorney for a bankrupt should not also act for a creditor whose claim is contested.

3. SAME—OBJECTION TO CLAIMS.
   Objections to a claim should be specific, but they are not required to be under oath.

4. SAME—LIMITATIONS.
   The scheduling by a bankrupt of a debt which is absolutely barred by limitation under the statute of the state does not make it a provable claim, and it is the duty of the trustee to plead the statute on behalf of other creditors.

5. SAME—SEPARATE LOANS OF MONEY.
   A claim for sums of money lent to the bankrupt at different times, for which no notes were taken, does not constitute a running account; but each item is a separate and distinct transaction, unaffected by any other, so far as relates to the running of limitation against it.

In Bankruptcy. On certificate from referee.

PURNELL, District Judge. The referee certifies that on March 24, 1902, J. M. Wooten, son of the bankrupt, filed a claim against the bankrupt estate for $2,291.35, attaching to the certificate a copy of the claim, consisting of cash loaned June 1, 1897, and interest $287; same, December 4, 1897, $200, interest $51.30; same, January 1, 1900, $500, and interest $66; same, January 6, 1900, $175, and interest $12.50,—which claim was objected to by the attorney for creditors. The referee ruled that on account of the near relationship existing between the bankrupt and claimant the burden of proof is upon claimant to establish his claim by a preponderance of evidence. To this ruling attorney for claimant (who is also attorney for bankrupt) objects, excepts and appeals to the judge.

The referee is affirmed. Every creditor of a bankrupt estate must establish his claim by a preponderance of evidence,—facts proved or admitted. This claim is not evidenced by any note, bond, or memorandum, and there are many circumstances which should put the trustee and referee on inquiry. The fact that both the claimant and

¶ 4. See Bankruptcy, vol. 6, Cent. Dig. § 473; Limitation of Actions, vol. 33, Cent. Dig. § 589.

bankrupt are represented by the same attorney would bar such attorney from making admissions in favor of his client the claimant to bind his client the bankrupt. Representing adverse interests, to say the least, is against the ethics of the profession, and should not be permitted. It is not in accordance with the high standard which every lawyer should seek to maintain.

The proof of a claim in bankruptcy does not differ in any material particular from the proof of debt required in other proceedings in court. Such proof is provided for in section 57 [U. S. Comp. Stat. 1901, p. 3443], and form 31 (32 C. C. A. lxvi, 89 Fed. xlii). It should be sufficient to enable the officer passing on the claim to do so intelligently and judicially. See In re Eagles, 3 Am. Bankr. R. 733, 99 Fed. 695, where this court at some length pointed out the proceedings as to proof of claims.

No question is presented which requires argument orally by counsel, and the official engagements of the judge are such that this would be impossible for at least two months, which would be delay without benefit; hence the regular practice of setting these cases down for hearing and notifying counsel will not be followed. Being the claim of a son against his father, aside from other circumstances, the rule governing the dealings between near relations applies. This rule is familiar learning,—well settled,—and need not be here discussed or any of the abundant authorities cited.

The referee further intimates an opinion that as the "claim is made under oath and contains an itemized statement of the consideration of the debt the objection should also be under oath, and should definitely state the grounds of objection, in order that the claimant may know just what proof he will be called upon to make." Objections to a claim should be specific, but, the burden being upon claimant, he must first prove his claim, and cannot require an oath to support objections. Such objections may be legal, and are expressly allowed in the statute, section 57d [U. S. Comp. Stat. 1901, p. 3443]. No layman and few attorneys would be willing to make oath to a legal objection or proposition. Though confident of the soundness of their opinion, all would hesitate to support it under oath. Lawyers differ,—the courts must decide; and, under our judicial system, it frequently happens that several courts are called upon to decide a question before the law is settled and the attorney satisfied, if they ever are satisfied. True, the claim at bar is under oath, but on its face there appears to be valid objections to its being allowed as a claim against the estate. For instance, the two items of cash loaned in 1897, and interest thereon, not being evidenced by bond under seal, are barred by the statute of limitations. If it be said or claimed the subsequent credits stopped the running of the statute, these items were barred at the date of the next credit. This is not what is termed a running account, but each item as presented is a separate and distinct transaction, and neither is effected by the other,—each is independent. This objection, if sustained, would reduce the claim $1,538.30, leaving a claim of only $753.05.

It is the duty of the trustee to plead the statute of limitations, especially when required by creditors whom he represents, and the schedul-

ing of a claim barred by the statute does not make it a provable claim. There is some apparent conflict of authority on this question, but this arises from the difference in the state laws. In this jurisdiction the statute is an absolute bar. These items in the claim cannot be proved or allowed if the facts are as understood.

The cause is remanded, that further proof may be heard in accordance with the foregoing suggestions.