In re LAZORIS.

(District Court, E. D. Wisconsin. March 2, 1903.)

1. BANKRUPTCY—TRUSTEE—ELECTION—AUTHORITY OF ATTORNEY.

An attorney, representing claims duly filed against a bankrupt's estate, is not entitled to vote at a meeting of creditors for the election of a trustee, without a proxy or special power for that purpose.

2. SAME—ELIGIBILITY OF TRUSTEE.

That a trustee in bankruptcy, elected at a meeting of creditors, was a stockholder in a corporation having a claim filed amounting to nearly one-half of the bankrupt's entire indebtedness, and that it might become the trustee's duty to move to have such claim expunged or reduced, did not render such trustee ineligible to act.

In Bankruptcy. On questions arising before the referee at the meeting of creditors for election of a trustee certified for the opinion of the court: (1) Whether an attorney of the court, representing claims duly filed, is entitled to vote thereupon without formal powers of attorney; (2) whether disapproval of the election of J. A. Barling as trustee was authorized by the fact that he was stockholder of a corporation creditor having a claim filed "amounting to nearly half of the

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. §§ 26, 173.

entire indebtedness," wherein duty may arise "to move to have such claim expunged or reduced."

Bloodgood, Kemper & Bloodgood, for trustee.
Francis Williams, for creditors.

SEAMAN, District Judge. The questions certified by the referee are answered as follows:

1. The bankruptcy act vests the right to vote for a trustee in the creditors who have unsecured claims filed and allowed, and by section 1 (9) [U. S. Comp. St. 1901, p. 3419] it is provided that the term "creditor" "may include his duly authorized agent, attorney or proxy." The election of a trustee is one of the necessary proceedings in bankruptcy administration, and the authority of an attorney to represent his client at the meeting of creditors would seem to be implied from the fact of employment as attorney. In the absence of express provision otherwise in the act or general orders in bankruptcy, I should incline to the view that no special authority to so represent the creditor was required thereunder of an attorney of the court who has entered formal appearance and obtained allowance of the creditor's claim. But the concensus of opinion in other districts appears to deny such implied authority to vote at the meeting, and to require a proxy or special power. In re Scully, 5 Am. Bankr. R. 716, 720, 108 Fed. 372, and prior cases cited. In re Henschel (D. C.) 109 Fed. 861, and (impliedly) on appeal, 51 C. C. A. 277, 113 Fed. 443. Uniformity in practice is desirable, so far as practicable, and I have no doubt of the power of the court to establish such requirement by rule, and that instances may arise where it is needful. In conformity, therefore, with the decisions referred to, the rule is adopted for this district that attorneys must have express authority in some form from the creditor to vote on his behalf at such meetings. As the majority vote for trustee in this instance was thus authorized, the election is not affected by such rule.

2. The majority of the creditors represented at the meeting for the election of trustee are entitled to appoint a trustee or trustees. Their selection is subject to approval or disapproval by the referee for cause only. In re McGill, 45 C. C. A. 218, 106 Fed. 57. Mr. Barling was thus appointed at the meeting in question, and the only ground stated by the referee for disapproval is this: That he is a stockholder of a corporation appearing as a creditor, having a claim filed "amounting to nearly half of the entire indebtedness," and that it may become his duty "to move to have such claim expunged or reduced." The fact alone of interest as creditor is no disqualification. Collier on Bankruptcy (3d Ed.) 283. If the claim of the corporate creditor of which he is stockholder were disputed at the meeting, in whole or in part, or the interest or attitude of the appointee appeared to be antagonistic to the general creditors, the referee would be justified in withholding approval, but the mere possibility that a contest may arise is insufficient ground to set aside the choice of the creditors, where the policy of the law permits a creditor to be named. No valid objection appearing to the trustee so selected, the appointment must stand.