### In re FLYNN & CO.

(District Court, E. D. North Carolina. November 25, 1903.)

1. BANKRUPTCY—FEDERAL COURT—JURISDICTION—TITLE TO PERSONALTY—ADVERSE CLAIM.

A Federal District Court, sitting in bankruptcy, has no jurisdiction to try title to personalty scheduled by the bankrupt as a part of his assets, as against a buyer claiming under an alleged executed sale thereof.

2. SAME—PREFERRED CLAIMS—PROOF—SURRENDER OF PREFERENCE.

Where a creditor of a bankrupt has received a preference he cannot prove his claim without surrendering the preference.

In Bankruptcy.

E. K. Bryan, for trustee.

H. McClammy, for creditors.

PURNELL, District Judge. This cause coming on to be heard, and being heard on the rule to show cause, after argument by counsel, the following appear to be the facts: The bankrupts entered into contract with respondent to cut and deliver 100,000 cross-ties, a portion of which was delivered. Shortly before bankruptcy proceedings were begun the terms of the contract were modified as to delivery, and bankrupts pointed out to respondent (this transaction being through agents) certain ties in the woods under the modification in

¶ 2. See Bankruptcy, vol. 6, Cent. Dig. § 498.

the contract, which respondent claims was a delivery of the ties in the woods, which he proceeded to ship, and at the time of the application for the restraining order was shipping, as his property under the contract. Respondent proved his claim in bankruptcy, crediting thereon the ties left in the woods and claimed by him as being so delivered. The bankrupts scheduled these ties as their property. These facts, and others unnecessary to state, appear in the annexed record.

The first question is one of jurisdiction, which question is raised by respondent. Respondent being an adverse claimant, the court is of the opinion that this court has no jurisdiction to try the title. Such jurisdiction has not been conferred by the act of 1903.

It appears from the record, however, that on the claim proved by respondent he has received a preference under the bankrupt law, which would prevent the allowance of his claim until such preference is restored. It seems respondent by his proof of claim has paid to bankrupt $12,171.50, and credits him up to the time of bankruptcy $7,609.91, leaving a balance of $6,736.75. He can retain his preference and forfeit his claim, or he can surrender his preference, if there has been one, and prove his claim. He cannot do both. Eagles & Crisp, 3 Am. Bankr. R. 733, 99 Fed. 695.

Motion overruled, and order refused.