**CENTRAL LOAN COMPANY v. RUSSELL et al.**

(Circuit Court of Appeals, Fifth Circuit. December 2, 1926.)

No. 4720.

1. **Attorney and client** ⟜182(1)—**Corporation, after terminating contract with attorney to collect claim against bankrupt, was entitled to dividend subject to attorney's lien for fees.**

Where corporation, through its proper officers, terminated contract with attorney to represent it in collecting claim against bankrupt, corporation was entitled to payment of dividend thereon, subject only to attorney's lien for fees.

2. **Attorney and client** ⟜76(1)—**Contract of employment of attorney at law may be terminated at any time.**

Contract of employment of attorney at law may be terminated at any time by either party.

3. **Attorney and client** ⟜175—**Attorney has no lien for services in other cases on dividend declared on claim presented by attorney for corporation against bankrupt.**

Fees due attorney for services in other cases do not constitute a lien on dividend declared on claim presented by him for corporation against bankrupt.

4. **Attorney and client** ⟜176—**Attorney's fees stipulated in note constitute lien on dividend declared on claim against bankrupt presented by attorney.**

Attorney's fees stipulated in notes constituting claim, which was presented by attorney against bankrupt's estate are a lien on dividend declared thereon.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Petition by the Central Loan Company for payment of dividend on its claim against Gordon Petroleum Company, bankrupt. Order directing B. L. Russell as trustee to deliver the dividend to R. L. Stennis, and the Central Loan Company petitions to superintend and revise. Reversed and remanded.

J. N. Townsend, of Dallas, Tex., for petitioner.

R. L. Stennis, of Dallas, Tex. (Stennis & Stennis, of Dallas, Tex., on the brief), for respondents.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a petition to superintend and revise an order of the District Court directing B. L. Russell, trustee in bankruptcy of the Gordon Petroleum Company, to deliver a dividend of $17,500, declared on the claim of petitioner against the said bankrupt, to R. L. Stennis, respondent herein.

The question presented for review is whether, under the facts shown, petitioner had the right to revoke a power of attorney given to respondent, R. L. Stennis, attorney at law, who represented it in the bankruptcy proceedings, and demand payment direct to itself.

It appears that petitioner employed R. L. Stennis, Esq., a reputable attorney at law, to represent it in the bankruptcy proceedings, and issued to him a power of attorney in the usual form prescribed by the Supreme Court. Petitioner's claim was for $91,000, represented by notes, which provided for 10 per cent. attorney's fees. Stennis presented proof of claim and performed such other services as were necessary in securing its allowance. At the time the power of attorney was issued to Stennis, S. W. Sibley was president of the Central Loan Company, petitioner herein, and O. W. Shaw was secretary. These two, together with J. W. Wright, were the sole stockholders. Later on Sibley ceased to be president and Wright was elected in his stead. Wright and Shaw then executed a power of attorney to J. N. Townsend, Esq., another reputable attorney at law, and it was subsequently filed with the referee.

A dividend of $17,500 was declared on petitioner's claim. After that, and before it was paid to any one, Wright as president, and Shaw as secretary, sought to cancel the previous powers of attorney issued, and so notified the referee in writing and asked him to pay the dividend to either Wright or Shaw as representing the company. The referee declined to follow these directions and the Central Loan Company then filed a petition praying that the dividend be paid to either Wright as president or Shaw as secretary. Stennis also filed a petition asking that the dividend be paid to him and setting up that the Central Loan Company as a corporation was not entitled to the dividend, but that it belonged in equal shares to Sibley, Wright, and the estate of one Wofford, and he intended to distribute it to them after deducting his fees; that he had performed services in two other cases in connection with the claim, for which he was entitled to $600 and $400, respectively, as fees; and that he was entitled to a fee of $1,500 in the bankruptcy proceedings.

After a hearing the referee found that after Wright was elected president he acquiesced in Stennis continuing as attorney; that at the time of the execution of the power of attorney to Townsend the corporation had at-

tempted to dissolve, was dissolved, and had no further corporate existence in the state of Texas other than is permitted to corporations to liquidate and wind up their affairs after dissolution, and that Wright and Shaw had no power or authority to revoke the power of attorney to Stennis or grant a new power of attorney to Townsend. On these findings the referee ordered the trustee to pay the dividend to Stennis and this order was affirmed by the court.

[1] Except that it is admitted that the corporation had ceased doing business and some of its assets had been distributed to the stockholders, it does not appear from the record that any steps were taken towards liquidation or to dissolve the corporation. There is no doubt that when Wright and Shaw attempted to revoke the power of attorney to Stennis the corporation was a legal entity, although part of its assets may have been distributed. Wright was its duly elected and authorized president and Shaw was its secretary. These were the only officers it had. Furthermore, they constituted a majority of the stockholders and if there was a board of directors, which is not shown, they constituted a majority of those eligible to serve on that body. There can be no doubt that they were authorized and empowered to represent the corporation.

[2] The rule is that the contract of employment of attorney at law may be terminated at any time by either party, and regardless of this, a principal usually has the right to put aside his agent and demand payment of a claim direct to himself. There is nothing to take this case out of the general rule. Missouri v. Walker, 125 U. S. 339, 8 S. Ct. 929, 31 L. Ed. 769. No doubt Mr. Stennis was actuated by what he considered proper motives in demanding that the dividend be paid to him, in order that he might distribute the money as he believed to be right and just, and there should be no reflection on his conduct as unethical; but the fact remains that petitioner had the absolute right to receive the dividend through its proper officers subject to any lien that Stennis might have upon the fund arising from his services in the bankruptcy proceedings.

It is admitted that under the law of Texas attorney's fees stipulated in a note become the property of the attorney employed to collect it and do not in any way go to the holder of the note. In addition to that the referee found that Mr. Stennis was entitled to the fees set out in his petition amounting to $1,000 and that the total fees of $2,500 claimed by him were reasonable.

[3, 4] We have no disposition to disagree with the referee's findings as to the reasonableness of the fees but the fees due for services in other cases could not be a lien on the dividend. It is different with regard to the ten per cent. attorney's fee stipulated in the notes, and we think that in order to end the controversy this fee might be properly paid to Mr. Stennis by the trustee.

The judgment of the District Court will be reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.