## In re SOLOMON.

Circuit Court of Appeals, Second Circuit.
January 6, 1930.

No. 117.

Benjamin H. Wicksel, of New York City, for appellant.

Abraham I. Menin, of New York City (Asa S. Herzog, of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge. At a special meeting of creditors, called for the purpose of determining whether the trustee in bankruptcy should be authorized to oppose the application of the bankrupt for discharge, the minutes of the meeting show the following took place;

"Present: Abraham I. Menin, for trustee, by A. S. Herzog. Herman Epstein, trustee, in person. M. A. Levitan, a creditor.

"Minutes of Special Meeting of Creditors.

"The Referee: This is a special meeting of the creditors in the matter of Solomon, held pursuant to notices mailed Sept. 7th, 1928, the petition being filed September 8th, 1928, asking leave to oppose the discharge of the bankrupt at the expense of the estate. What action, if any, do the creditors desire to take?

"Mr. Herzog: The creditors present desire to authorize the trustee to oppose the bankrupt's discharge.

"The Referee: Do you so move?

"Mr. Herzog: I so move.

"The Referee: Do you represent a majority in number and amount of the claims proven and allowed?

"Mr. Herzog: We do.

"The Referee: Is there any opposition? I hear none; I shall grant the order."

After the order was made authorizing the trustee to oppose discharge, he filed specifications in opposition, which were objected to before the special master on the ground that opposition by him had not been lawfully authorized by the creditors in accordance with section 56 of the Bankruptcy Act (11 USCA § 92). The motion to dismiss was denied, and the denial affirmed in the District Court. While the trustee, since the amendment of 1910, is a proper person to oppose discharge, he may do so only when authorized to act at a meeting of creditors called for that purpose. Bankruptcy Act, § 14 b (11 USCA § 32); In re White (C. C. A.) 248 F. 115. Section 56a of the act (11 USCA § 92) provides that a majority vote in number and amount of claims of all creditors present whose claims have been allowed is required, and section 1 (a) (9), 11 USCA § 1, provides that "creditor" may include his duly authorized agent, attorney, or proxy.

The record contains two stipulations. One is to the effect that M. A. Levitan was not a creditor, and appears by mistake as such in the minutes of the meeting above quoted. The other that there was "no written power of attorney or letter of attorney in fact on file in favor of either Abraham I. Menin or Asa S. Herzog." Mr. Menin was attorney of record for the trustee, and was represented at the meeting by Mr. Herzog, who also was

an attorney at law. The trustee was himself a creditor. Aside from him, there were no creditors present in person.

■ We will disregard any attempt by Herzog to represent at the meeting any unnamed and unknown creditors, for, if he did represent any creditors, except the trustee, his action for them was the same as that he took in behalf of this creditor, and, if he did not have due authority to vote for other creditors, they were not present in the sense that they should be counted in determining what constituted a majority of the creditors present. In re Henschel et al. (C. C. A.) 113 F. 443; In re McGill (C. C. A.) 106 F. 57. Consequently, if the vote of the creditor present was lawfully cast, the order was authorized by a majority vote of the creditors present, whether Herzog represented any others or not. Instead of speaking for himself, the trustee chose to act through his attorney, who made known his desire in the matter.

■ There is nothing in the Bankruptcy Act (11 USCA) which prescribes the manner in which a creditor, who is present at a meeting and entitled to vote, shall make known his vote. One creditor may need to speak through an interpreter when he votes; another may prefer to vote by speaking through an agent or attorney; while a third may vote and speak for himself. Yet all three, being present at a creditors' meeting, themselves thereby vote at that meeting, although they use different methods in so doing. And so, with the aid of an attorney, the sole creditor present voted at this meeting. The bankruptcy law does not require any written or special authorization for an attorney to act for his client in making known the client's vote at a creditors' meeting. The presence and acquiescence of the creditor in what Herzog did sufficiently establishes the authority of the attorney to act for him.

Judgment affirmed.