In re FEDERAL SILK HOSIERY WORKS, Inc.

KAUMAGRAPH CO. et al. v. SIMPSON.

No. 118.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1934.

David W. Kahn, of New York City, for appellants.

Morris E. Packer, of Brooklyn, N. Y. (Morris E. Packer and Samuel C. Duberstein, both of Brooklyn, N. Y., of counsel), for William T. Simpson, trustee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal by Kaumagraph Company and certain other creditors of the bankrupt, Federal Silk Hosiery Works, Inc., from an order approving the appointment by the referee of William T. Simpson as trustee. We think the order was erroneous and must be reversed.

At the meeting of the creditors to elect a trustee, a vote was taken upon which twenty-two creditors having claims allowed at $18,079.26 were counted for William T. Simpson, and thirty-five claims allowed at $19,983.36 were counted for Jacob Rappaport. A recess was then granted by the referee and upon resumption of the meeting, after about one hour and twenty-five minutes, a claim for $1,450, originally voted for Rappaport, was withdrawn and not voted, and another claim for $2,872.76, originally voted for Simpson, was withdrawn and voted for Rappaport. Likewise four additional claims, viz., of: Clara Rosenthal for $19,500, Holyoke Silk Mills for $2,964.15, Trojan Hosiery Mills for $2,174.23, White Printing House for $493—were allowed at $25,131.38, and voted for Simpson. Accordingly the vote, when finally cast, was: For Rappaport, 35 claims aggregating $21,406.12. For Simpson, 25 claims aggregating $40,337.88.

As a majority of the creditors in number and amount had not voted for either Simpson or Rappaport, the referee appointed Simpson trustee in bankruptcy.

The appellant contends that the claims of Clara Rosenthal, Holyoke Silk Mills, Trojan Hosiery Mills, and White Printing House were insufficiently proved and improperly voted. If this be so, the votes for Rappaport represented a majority both in number and amount of the creditors voting, and Rappaport should have been declared elected. It is for failure to declare him elected that this appeal has been taken.

The proof of claim of Clara Rosenthal for $19,500 was insufficient. Section 57 (a) of the Bankruptcy Act (11 USCA § 93 (a), requires a statement under oath setting forth the claim, the consideration therefor, and whether any, and if so what securities are held therefor, and whether any and, if so, what payments have been made thereon. Subdivision (b), § 57 (11 USCA § 93 (b), provides that whenever a claim is founded upon an instrument in writing such instrument shall be filed with the proof of claim. Subdivision (h), § 57 (11 USCA § 93 (h), provides that the value of securities held by secured creditors shall be determined by con-

verting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors. Section 56 (b) of the act (11 USCA § 92 (b) provides that creditors holding claims which are secured shall not be entitled to vote at creditors' meetings, nor shall such claims be counted in computing either the number of creditors or the amount of their claims unless the amounts of such claims exceed the value of such securities and then only for such excess. General Order 21 (3), 11 USCA § 53, provides that claims which have been assigned before proof shall be supported by deposition of the owner at the time of the commencement of proceedings setting forth the true consideration of the debt and, if secured, the security, as is required in proving secured claims.

The proof of Clara Rosenthal merely stated that the bankrupt was "at and before the time of the filing of the petition * * * and still is justly and truly indebted to said claimant in the sum of $19,500. That the consideration of said debt is deficiency on chattel mortgage, on obligation under bond, goods, wares and merchandise sold and delivered to the said bankrupt at the special instance and request of the said bankrupt, at the agreed price and reasonable value set forth in the annexed statement which is made a part hereof * * *. That deponent has not, nor has any person for or on behalf of said claimant * * * had or received any security for said debt whatever."

It is to be observed that it nowhere appears in the proof of claim who executed the chattel mortgage, when it was executed, whether it was filed, what property it covered, or how the alleged deficiency of $19,500 was arrived at. It nowhere appears who executed the bond referred to in the proof of debt or whether it was a bond of the bankrupt. There is nothing to indicate that Clara Rosenthal was the mortgagee. Thus the attempt to show a liquidation of the security covered by the mortgage was inadequate. Proof was sought to be supplied by the unsworn statement of Reswick & Avrutis, the attorneys for Clara Rosenthal, in a letter which set forth that the property covered by the chattel mortgage consisted of nine knitting machines and several tables which were sold for $500. But it was not only unverified, but did not show that the creditor was the mortgagee, when and where the sale was made, or the value of the chattels. Neither the bond, nor the mortgage, nor a copy of either appears ever to have been furnished to the court, and no attempt was made to account for their nonproduction.

It seems evident from the record that details showing a proper basis for the claim of Clara Rosenthal were not furnished either in her proof of claim or in any evidence submitted to the referee or to the District Judge. While her attorneys in their letter in opposition to a review of the referee's order appointing Simpson trustee said that the chattels covered by the mortgage were sold on the 16th day of March, 1933, for the sum of $500 which was credited upon a balance of $20,000 due on the chattel mortgage and that a claim was filed on the 17th day of March, 1933, for such balance, yet there was no proof of the real value of the chattels, nor any proof *under oath* of the mode of liquidation. Moreover, the letter from the attorneys states that the nine machines covered by the chattel mortgage, and twelve other machines purchased at a sale by the receiver, were rented under a sales rental agreement for $19,250 payable over a period of seventeen months. This statement, on its face, seems to indicate that $500 did not represent the real value of the security covered by the mortgage and that there was no proper attempt made to determine what was the amount of the claim to be allowed for purposes of voting. Allowance of the claim as filed was objected to, and an exception was taken.

The claim of Holyoke Silk Mills for $2,964.15 was voted by an attorney named Schwartz, though the power of attorney from the creditor ran to one Clarence M. Davis. The claims of Trojan Hosiery Mills and White Printing House were likewise voted by Schwartz, while the powers of attorney executed by these creditors ran to John Scheuer and Frederick Scheuer. The referee's certificate states that the authority to cast this vote was given by John J. Scheuer, who was present in court. But Scheuer, though present, held the powers of attorney and was the only person there authorized by the creditors to cast the vote. In re Henschel (C. C. A.) 113 F. 443. Had the creditors been personally present and directed Schwartz to vote, or had no power of attorney been filed, and had an attorney at law appeared for the creditors and voted the claims, the situation might have been different. In re Solomon (C. C. A.) 37 F.(2d) 18; Schieber v. Hamre (C. C. A.) 10 F.(2d) 119.

In our opinion, proper procedure ordinarily requires a claim to be voted either by the owner, or by the person who holds the

power of attorney from him provided for under General Order 21. Any other system is likely to result in controversies which ought not to arise. In re Henschel (C. C. A.) 113 F. 443; In re McGill (C. C. A.) 106 F. 57; In re Skinner (D. C.) 97 F. 190.

In the circumstances, we think it clear that the claim of Clara Rosenthal was not in proper form for voting. It should have been allowed on the basis of the excess of the claim over the true value of the security, and because of the absence of proof of such value the vote upon that claim should have been rejected. Upon the record of properly voted claims, Rappaport had 35 claims aggregating $21,406.12, and Simpson but 21 claims aggregating $15,206.50. Consequently, by a correct count Rappaport had a majority, both in number and amount, and should have been declared elected.

The order of the District Court is reversed, and the matter remanded, with instructions to vacate the order appointing the appellee Simpson, and to enter an order appointing Rappaport trustee in bankruptcy of Federal Silk Hosiery Works, Inc.