**ABRAHAM et al. v. SHINBERG.**

No. 10786.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 11, 1951.

Decided April 5, 1951.

596

John R. Fitzpatrick, Washington, D. C., for appellants.

H. Winship Wheatley, Jr., Washington, D. C., with whom H. Winship Wheatley, Washington, D. C., was on the brief, for appellee.

Before MILLER, BAZELON and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

This is an appeal from a decision of the District Court, sitting in bankruptcy, affirming a referee's ruling that appellants' "Petition for Summary Order for Payment of Dividend" was not within the summary jurisdiction of the court. The petition alleged the following: appellee, an attorney, offered to prepare and file proofs-of-claim for appellants, who were creditors of the bankrupt, without charging a fee therefor, if they would authorize him to vote their claims in favor of his election as trustee. Appellee did prepare and file such proofs-of-claim "with powers of attorney," and, thereafter, was appointed one of three trustees. Subsequently, upon final distribution of the bankrupt estate, appellants' dividend of $14,943.76 was paid to appellee "under the aforesaid powers of attorney." One third of the dividend was deducted by appellee, who then mailed his personal check for the balance to appellants. Since appellants believed that this charge for services was contrary to the express understanding of the parties, they sought an order requiring appellee, "in his capacity as trustee * * * and as an attorney * * * of this court to turn over the full amount of the dividend" to them. In response to the Petition and a rule to show cause issued thereon by the referee, appellee challenged the jurisdiction of the court and the referee acting on its behalf to grant such summary relief. He contended, *inter alia*, that "Whatever differences exist * * * grow out of an attorney's fee that is justly due to this respondent and not by reason of any dividend in this cause"; that although he agreed to prepare and file formal proofs-of-claim without compensation, he did not agree to perform without compensation other services requested by appellants, such as investigating the condition of the bankrupt, advising them of their rights as creditors and taking "all proper action for allowance of their claims as creditors."

The District Court affirmed the referee's order dismissing the petition for lack of jurisdiction, expressly approving the ground set forth in the reasons accompanying his certificate. The Court stated that the summary jurisdiction of the bankruptcy court was at an end upon payment of the dividend to appellee, "the attorney who enjoyed both the power of attorney and attorney in fact" and was therefore fully authorized to receive the dividend. Summary jurisdiction was not available, according to the referee, to settle disputes about fees between attorney and client where the money had been paid by the trustees to "the proper creditors or their authorized representatives."

The summary jurisdiction of the bankruptcy court extends to property within the actual or constructive possession of

the court.[1] And property is in the constructive possession of the court if it has been wrongfully distributed as part of the liquidation of the estate.[2] Thus, jurisdiction necessarily existed for the purpose of determining whether there was summary jurisdiction of the matter in issue—that is, whether payment of the dividend was made to one authorized to receive it. Receipt by one not so authorized would place the funds within the constructive possession of the court and hence warrant the exercise of summary jurisdiction.

Rule 62 of the Rules of the United States District Court for the District of Columbia specifically provides that "Attorneys and other persons representing creditors of the bankrupt shall not be allowed to vote at meetings or *to receive dividends* unless they are named in a power of attorney executed by the creditors represented by them authorizing them so to do." [Emphasis supplied.] This rule follows the generally accepted view "that a written power of attorney to an attorney of this court is necessary to entitle him to vote for trustee." [3] and that "unless a power of attorney specifically authorizes the attorney to receive and receipt" for dividend checks, they "should be made payable to and mailed or delivered to the creditors by the trustee." [4] This line of authority merely illustrates what is obvious—that the creditor has "the absolute right to receive the dividend" [5] and that the delegation thereof requires specific authorization from him. Although a creditor may be represented by an agent or attorney, such representative must be "duly authorized." [6] The "language of the act requires the attorney, even though admitted to practice in the bankruptcy court, to produce and exhibit proof of his authority." [7]

Appellee did file a power of attorney executed by appellants and patterned exactly after Official Bankruptcy Form No. 19, 11 U.S.C.A. following section 53.[8] It authorized the person designated therein, appellee, to do no more than file a proof of claim and vote the claim for election of a trustee on the day specified. "It is quite common for creditors who cannot

1. 2 Moore & Oglebay's Collier on Bankruptcy, p. 450 (1940).

2. Id. at 482; In re Schermerhorn, 8 Cir., 1906, 145 F. 341, 342; In re Retail Stores Delivery Corp., D.C.S.D.N.Y., 1933, 5 F.Supp. 892, 893.

3. In re Capitol Trading Co., D.C.N.D.N.Y., 1916, 229 F. 806, 808.

4. 2 Moore & Oglebay's Collier on Bankruptcy, p. 1752 (1940).

5. Central Loan Co. v. Russell, 5 Cir., 1926, 16 F.2d 35, 36.

6. 11 U.S.C.A. § 1(11) provides that the word "creditor" as used in the Bankruptcy Act "may include his duly authorized agent, attorney, or proxy".

7. In re Capitol Trading Co., 229 F. at pages 808–809; In re H. E. Ploof Mach. Co., D.C.S.D.Fla., 1916, 243 F. 421, 422; In re Lazoris, D.C.E.D.Wis., 1903, 120 F. 716, 717; In re Scully, D.C.E.D.Pa., 1901, 108 F. 372.

8. This "Special Power of Attorney" reads as follows (J. A. 5):
"To Leon M. Shinberg *and* Philip Shinberg:
"I hereby authorize you, or any one of you, to attend the meeting of creditors of the bankrupt aforesaid, advertised or directed to be held at Municipal Court Bldg., 5th & E Sts., N. W., on the 7th day of February, 1947, before John A. Bresnahan, Referee, or any adjournment thereof, and then and there for me and in my name to vote for or against any proposal or resolution that may be lawfully made or passed at such meeting or adjourned meeting, and in the choice of trustee or trustees of the estate of the said bankrupt.
"In witness whereof I have hereunto signed my name and affixed my seal the 29th day of January, 1947. ·
"Ethel A. Baskin, [L. S.]"
See Order No. 38 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, which provides that "The several forms annexed to these general orders [among which the forms referred to in the text above are included] shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case."
Appellants, in their brief on appeal, p. 3, say that "Under the power of attorney, Shinberg could vote the claim only (J. A. 5), but as one of the trustees paid the proceeds to himself as attorney for appellants (J. A. 13)."

attend in person, when their proof of claim is filed and allowance sought, to have some attorney appear for the *sole and only* purpose of joining in the selection of a trustee. Such creditors do not intend as a rule that their attorney shall attend all meetings or take part in the proceedings generally."[9] Such a power is in conspicuous contrast with Official Bankruptcy Form No. 18, which, in addition to the authorization contained in the special power executed by appellants, specifically authorizes, *inter alia,* payment of dividends to the person named. It was this latter form or one similar to it which was held to authorize payment to the attorney rather than directly to the creditors in Re Brashear, D.C.W.D.Pa., 1921, 275 F. 481, 484. Execution by appellant of the limited rather than the general power of attorney indicates that appellee's authority was narrowly confined. By inference, the authority to receive payment, which is included in the form *not* used, would appear to have been denied to appellee. If he was in fact authorized to receive payment, such authority must derive fom something other than the power of attorney filed by him.

It may be that the referee's reference to appellee as "their attorney in these proceedings" was intended to serve as an independent basis, apart from the power of attorney, for the payment of dividends to him. If the mere fact that appellee appeared before the court as an attorney-at-law representing the appellants was the basis for the referee's conclusion on this point, we think he erred. That circumstance could create no more than a rebuttable presumption that the requisite authority existed and was put in issue by

appellants' petition below. Thus challenged, it was incumbent upon referee and court to require appellee to show the facts upon which he relied in support of his claimed authority.[10] Similarly, if the referee was relying on certain facts as giving rise to an implied agency relationship between the parties—conferring authority upon appellee in addition to that specifically conferred upon him by the power of attorney—it would be necessary that the facts relied upon be included in the record. The certificate of the referee, which is part of the record, is barren on these points, despite the fact that Rule 79(b) of the Rules of the District Court requires that, upon petition for review of a referee's order, "The referee shall forthwith certify to the justice the question presented, a summary of the evidence relating thereto and the findings and order of the referee thereon." There is nothing in the referee's certificate which indicates that any evidence at all was considered in connection with the question presented. The failure of the record to reflect the evidence and findings of fact relied upon to support the conclusion that appellee was "authorized" to receive payment of dividends requires that we remand the case for consideration below in the light of the views here expressed.

In view of the fact that the case is being remanded, we think it appropriate to suggest a matter not heretofore considered below. Section 72 of the Bankuptcy Act, 11 U.S.C.A. § 112, provides that "No receiver, marshal, or trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services as required by this Act, than that expressly authorized and prescribed in this Act."[11] If the court finds:

9. In re Capitol Trading Co., 229 F. at page 810. (Emphasis supplied)

10. See In re Retail Chemists Corp., 2 Cir., 1933, 66 F.2d 605, 608; In re Pearl Coal Co., D.C.M.D.Pa., 1940, 30 F.Supp. 964, 966, affirmed 3 Cir., 1940, 115 F.2d 158, 159–160. The appearance in court of an attorney at law licensed to practice therein "is prima facie evidence that he is duly authorized to represent and act for his client, and this presumption is conclusive

*in the absence of countervailing evidence."* In re Gasser, 8 Cir., 1900, 104 F. 537, 538. (Emphasis supplied).

11. General Order No. 35 similarly provides that "(3) The compensation allowed to receivers or trustees by the Act shall be in full compensation for the services performed by them; but shall not include expenses necessarily incurred in the performance of their duties and allowed upon the settlement of their accounts."

that appellee was authorized to receive payment of the dividends, it would be pertinent, and within the summary jurisdiction of the bankruptcy court, to determine whether any part of the attorney's fee from appellants involved here is "compensation for [appellee's] services as required by this Act" other than as "expressly authorized and prescribed" by the Act.[12]

Reversed and remanded.

12. See In re Street Railways Advertising Co., D.C.S.D.N.Y., 1941, 54 F.Supp. 577, 578; 4 Moore & Oglebay's Collier on Bankruptcy, pp. 2161–2162; 2 id., at 1807.