In the Matter of Robert PROLER, individually and trading as Rosey's Army and Navy Store, and King Cut Rate, Bankrupt.

No. 27301.

United States District Court
E. D. Pennsylvania.
Sept. 24, 1964.

Geisenberger, Pfannebecker & Geisenberger, Lancaster, Pa., for petitioner.

JOSEPH S. LORD, III, District Judge.

This is a petition to review the referee's order of distribution. Petitioners are the attorneys for some fifteen creditors. The order of which review is sought directed the payment of dividends to the named creditors instead of to petitioners, as attorneys for the creditors.

The powers of attorney filed by petitioners contain minor variations in form, but for our purposes, the following is a typical quotation, in part:

"* * * and to receive payment of dividends and payment or delivery of money or of other consideration due me under such arrangements or wage earner's plan, or for any other purpose in my interest whatsoever; * * *"

There is no question but that a dividend check made payable to the petitioners, as attorneys for the creditors, and endorsed by them would be a sufficient acquittance by the creditors to the trustee. In re Brashear, 275 F. 481 (W.D.Pa., 1921). In that case, the court said, at page 484:

"* * * Clearly such member of the bar maintains a relation with his client which involves the duty of collecting the money due to his client. In the certified question it appears that the collection of the money due the client is made difficult because the dividend check issued by the trustee and countersigned by the referee is made out to the order of the client. But nowhere in the act is there any provision that dividend checks shall be made to the client and issued to the attorney for the client. Section 47(4) provides that trustees shall 'disburse money only by check or draft on the depository in which it has been deposited.' General Order 29 (89 Fed. xii, 32 C. C. A. xxviii) is specific with respect to the manner in which checks or warrants shall be signed and countersigned and what they shall contain; but there is no provision therein that the name of an attorney's client should be inserted as payee of the check. * * *"

It is true that the square holding of Brashear is merely that payment to the attorney is *authorized;* it does not hold that it is *required.* See Abraham v. Shinberg, 88 U.S.App.D.C. 306, 190 F.2d 595 (1951). However, the breadth of the power of attorney here is such that in matters concerning the bankruptcy, the attorney has the power to act for the creditor, and this includes the power to demand, in the creditor's name, that the check be made payable to him as attorney. There is nothing in the Bankruptcy Act which would interdict such a conclusion. Section 1(9) of the Act (11 U.S.C.A. § 1) defining creditor includes his "duly authorized agent, attorney, or proxy." When petitioners here requested that the checks be made payable to them as attorneys, they were doing so in the place and stead of the creditor. The record before us shows no reason for the referee's refusal to honor petitioners'

powers of attorney. Under the circumstances, the referee was in error in refusing to order distribution of dividend checks to petitioners, to their order as attorneys for the creditors represented by them.

## ORDER

And now, September 24, 1964, it is ordered that the "order for payment of dividends" be modified to provide that dividends due to creditors represented by petitioners herein shall be paid to petitioners as attorneys for the respective creditors represented by them.